ILIFF v. BRAZILL.

1. **Partnership: JOINT OWNERS.** Where two farmers buy in common a threshing machine, which they use and operate together, and for which they execute to the vendor a note, signed by both individually, they are to be treated as joint owners and not as partners.

2. —— **PLEADING.** Whether under the Revision which allows an equitable defense to be made and affirmative equitable relief to be given in an action at law, the defendant in such an action may not plead, by way of set-off or counter-claim, an account against the plaintiff originating in a partnership transaction with him, and have the same adjusted and a balance ascertained, *quere.*

*Appeal from Clinton District Court.*

SATURDAY, APRIL 24.

PRACTICE: PLEADING: PARTNERSHIP ACCOUNTS, ETC.—
Plaintiff sues to recover for money paid, work and labor done, etc., and annexes a bill of particulars to his petition. Answer: First, in denial; second, a set-off, consisting of many items, including a charge for money paid to Russell & Co., to Hamilton, etc., with a bill of particulars annexed.

Replication: in denial and alleging payment of the account pleaded by way of set-off. The replication contained no allegation that any of the items in the set-off originated in any partnership transaction between the parties. The cause was referred, and the referee made a report, allowing and disallowing certain portions of the account of each of the parties, leaving a balance, however, in favor of the plaintiff of $460.84. The District Court refused to set aside the report of the referee and rendered judgment thereon. The defendant appeals.

*N. Corning and A. T. Wheeler* for the appellant.

*Leffingwell & Bro. and Henry O'Connor* for the appellee.

DILLON, Ch. J. — Remarking that we perceive no error in any ruling of the referee respecting the admission or ex-

1. PARTNER-
SHIP: joint
owners.

clusion of evidence, and that his finding of facts as to items of account allowed and disallowed show an exact familiarity with and a clear appreciation of the testimony, all of which we have examined in detail, we are brought at once to the only substantial question in the cause. The referee found that the defendant had established the fact of the payment of money by him to Russell & Co., to Hamilton, etc., as charged in his account, pleaded by way of set-off. He refused, however, to allow the defendant for these items, on the sole ground that he and the plaintiff had been partners " in running and operating a threshing machine, and that the money was so paid on claims held against the parties as partners." But being in doubt as to the right, under the pleadings and the law as modified by statute, to allow the defendant for money thus paid, the referee pursued the judicious course of finding and reporting the fact so that, if the court should so adjudge, these sums might be allowed to the defendant and a proper judgment entered without any new trial upon the facts being necessary.

Adverting to, but without resting our decision on, the fact that these items were rejected on a ground entirely outside of the defenses thereto pleaded by the replication, it is our opinion that the evidence fails to establish that the parties as to the ownership of the machine were copartners, or any thing more than joint owners.

They were farmers and neighbors, and bought the machine in common, giving to Russell & Co., the vendors, a note, signed by both individually, and judgment thereon was rendered against both. Afterward plaintiff purchased defendant's share in the machine. If one of the parties had undertaken to sell and give title to a third person to the whole of the machine (an act which a partner could do, but a joint owner could not), we should have to hold on this record that he had no authority except to dispose of his own share.

On the judgment obtained on notes thus given for the purchase-money of the machine, the defendant paid, as found by the referee, $154.54 more than his proportion.

Since the evidence failed to establish the existence of the partnership relation, this sum, as well as the other items mentioned in the 24th paragraph of the report of the referee, should be credited to the defendant, and the cause will be remanded with an order that this be done.

With this view of the case it is not necessary to consider whether, under the Revision, which allows equitable 2. —— pleading. defenses to be made and affirmative equitable relief to be given in an action at law, it would not be the *right* of the defendant, even if his account originated in a partnership transaction, to have it settled and a balance ascertained which could be used as a set-off or cross claim against the plaintiff; though the referee, as I think, was correct in the opinion expressed, that the pleadings, even if such right exists, were not framed with a view to obtaining relief in this direction.

The cause is remanded with directions to the District Court to credit the judgment with the items mentioned in the 24th division of the report of the referee with interest.

Judgment modified.