GEORGE W. HEARD, Appellee, v. H. H. WILDER, Appellant.

1. **Partnership:** AGREEMENT : ACCOUNTING : EVIDENCE. An agreement made by defendant for the purchase of certain real estate, recited, that he had secured the same for himself and the plaintiff herein, but was signed by himself alone. Immediately afterwards the plaintiff and defendant went together to a real-estate agent's

office, where a list of the property was made by the plaintiff for the agent, and signed by both parties. Afterwards, the defendant sold the property at a large advance, and plaintiff brought this action for an accounting, claiming that defendant's purchase was made under a verbal agreement between them to buy the property upon their joint credit for a resale, and share equally in the profits or losses. The defendant claimed that said agreement was made after the purchase, upon condition that plaintiff would advance one-half the purchase price. Up to the time of the resale, no part of the purchase price of the property, save the sum of five dollars paid to bind the bargain, had been paid. *Held*, that the circumstances attending the transaction supported the claim of plaintiff, that the agreement was made before the purchase by defendant, and that it was the intention of the parties that each was to contribute equally to the expenses of the purchase, and to share equally in the profits or losses of the enterprise.

2. ——: ——: ——: ——. The fact that, up to the time of the resale, the plaintiff had not contributed, nor offered to contribute, anything to the enterprise, *held* to be no evidence against the finding that plaintiff and defendant were partners in the transaction, as up to that time no part of the purchase price of the property, save the payment of five dollars to bind the bargain, had been paid.

*Appeal from Woodbury District Court.*—HON. G. W. WAKEFIELD, Judge.

MONDAY, OCTOBER 27, 1890.

ACTION in equity for an accounting and settlement of an alleged partnership. The answer was a general denial. A decree was entered in favor of the plaintiff, from which the defendant appeals.

*J. P. Blood*, for appellant.

*T. G. Henderson*, for appellee.

GIVEN, J.—I. On February 26, 1887, the defendant purchased of Col. Orr eight lots in central Sioux

1. PARTNERSHIP: agreement: accounting: evidence.

City, at the agreed price of eight hundred dollars per lot, payable one-third down, the balance in one, two and three

years. Col. Orr not being ready to make conveyance for some days, the cash payment, less five dollars, paid to bind the bargain, was withheld until the conveyance would be made. During that time the defendant sold the lots on the same terms at an advance of twenty-five hundred and eighty-seven dollars and fifty cents. The defendant executed to the plaintiff a writing as follows:

"SIOUX CITY, IOWA, February 26, 1887."

"This is to certify that I, H. H. Wilder, have this day secured the lots, one to eight, block 24, central Sioux City, on Fourth street, from Col. Orr, for myself and Geo. W. Heard, at eight hundred dollars per lot; one-half cash, balance on one, two and three years, at eight-per-cent. interest.

"H. H. WILDER."

Defendant accompanied the plaintiff to the office of Clark Bros., real-estate agents, and was present when plaintiff left with the agents a list of said lots for sale, the list being signed by C. W. Heard and H. H. Wilder.

The parties agreed that a contract was made between them with respect to these lots, but differed as to when it was made, and what it was. Plaintiff alleges that the agreement was prior to the purchase from Col. Orr and with a view to that purchase; that it was agreed that they would purchase the lots for speculation upon their joint credit, and for their mutual use and benefit, the title to be taken to them jointly, and to sell the property as soon as mutually agreed upon, they sharing equally in the profits or losses. Defendant contends that the agreement was made after he had purchased the lots on his own credit and account, and that it was agreed that if the plaintiff would put up half of the money, and make a sale, he was to have half the profits.

The preponderance of the evidence is in favor of the conclusion that the parties entered into their agreement prior to the purchase from Col. Orr, and that they agreed as claimed by plaintiff. They agree that the

price of the lots was a subject of conversation between them, the plaintiff stating that they decided before the purchase not to pay nine hundred dollars per lot, but that they would purchase at eight hundred dollars. Defendant contends that this conversation was after the purchase, and that it occurred in his relating what had passed between Col. Orr and himself. During the negotiations with Col. Orr, defendant expressed a desire to consult some one before closing the bargain. There was no other person than the plaintiff interested, or with whom there would seem to be any occasion for consulting. If the purchase had been made, there was no occasion for discussing the price. The language of the writing given by defendant to plaintiff indicates quite clearly that the agreement between these parties was made before the purchase. In that writing the defendant certifies that he has secured the lots from Col. Orr for himself and G. W. Heard at eight hundred dollars per lot. To have agreed as claimed by plaintiff was reasonable under the circumstances. Neither party, then, anticipated that sales could be made so as to meet the cash payment to Col. Orr. They no doubt anticipated that it would be necessary to advance means to carry out the contract of purchase. It was reasonable, therefore, that they should agree to contribute equally to the making of the payment. The agreement as claimed by defendant is very indefinite, and out of the usual course of business. It was not only unusual, but unreasonable that the plaintiff should agree to furnish half the money without any provision for its repayment, and to receive no part of the profits unless he made a sale. We reach the conclusion, that prior, and with a view, to the purchase from Col. Orr these parties agreed to make said purchase jointly for the purpose of resale, and that each was to contribute equally to the expenses of the purchase, and to share equally in the profits or losses of the enterprise.

II. We next consider whether the agreement was such as to constitute a partnership, appellant's

**2. THE same.** contention being that it was not an agreement of copartnership, and, therefore, the plaintiff is not entitled to an accounting in equity.

But few subjects are more frequently before the courts than the inquiry as to what is a partnership, and whether given states of fact constitute a partnership. Extended citations of authorities are unnecessary. We accept *Chase v. Barrett*, 4 Paige, 160, cited by appellant, as a correct statement of law. It is therein stated "that to constitute a partnership as between the parties there must be a joint ownership of partnership funds according to the intention of the parties, and an agreement, either expressed or implied, to participate in the profits or losses of the business, either ratably or in some other proportion to be fixed upon by the copartners." Our inquiry being as to whether the agreement created a partnership as between the parties, we need not notice the distinctions that arise where the inquiry is as to third persons. According to the agreement as we find it to have been, the lots were to be purchased for the joint benefit of both, and, although plaintiff was unknown to Col. Orr in the contract, yet as between these parties plaintiff acquired an ownership in the lots. True, he never contributed any money towards the purchase, nor did the defendant except the five dollars, because contribution became unnecessary by reason of the successful resale of the lots. If the enterprise had resulted in loss, clearly the defendant could have held the plaintiff to share in the loss under the agreement as we find it to have been, and it follows that the enterprise having been successful the plaintiff is entitled to share in the profits. There was a joint ownership of the partnership property, and an agreement to share equally in the profits or losses. The case is readily distinguishable from *Iliff v. Brazil*, 27 Iowa, 131, and *Ruddick v. Otis*, 33 Iowa, 402, cited by plaintiff. In the former case the threshing-machine purchased in common was not bought or used for partnership purposes, and in the latter case Otis & Snow were not to

bear any portion of the loss if loss occurred. It is urged upon the one hand that plaintiff never offered to contribute anything to the purchase, and upon the other that no demand was ever made upon him. The successful resale rendered it unnecessary that he should contribute, or that any demand should be made.

Our conclusion is that the decree of the district court should be AFFIRMED.