DUNHAM, FLETCHER and COLEMAN, Appellants, v. REG. T. CRAWFORD, Appellee.

**Sales:** JOINT CONTRACT TO PURCHASE: INDIVIDUAL LIABILITY. One of several subscribers to a contract for the purchase of a stallion, which did not contemplate the formation of a co-partnership for that purpose, cannot be held for his proportionate share of the purchase price, where the horse was subsequently delivered to the partnership formed by the other subscribers and to which he did not assent.

*Appeal from Fayette District Court.*— HON. L. E. FELLOWS, Judge.

FRIDAY, APRIL 6, 1906.

ACTION at law upon contract to recover the purchase price in part of a horse. At the close of the evidence for plaintiff there was a directed verdict in favor of defendant, and plaintiffs appeal.— *Affirmed.*

*Ainsworth & Estey,* for appellant.

*Clements & Clements,* for appellee.

BISHOP, J.— The contract writing upon which plaintiffs base their action is dated at Maynard, Iowa, January 29, 1903, and recites that plaintiffs " agree to sell the above-named stallion [Bayard] for $2,500, to the other under-signed subscribers, who . . . agree to pay [plaintiffs] $250.00 for each share · in said stallion. Capital Stock, $2,500.00. No. shares 10. Payment to be made in cash, or . . . by joint and several notes, with interest," etc.

This writing was signed by plaintiffs and by ten persons, including defendant. It is the contention of plaintiffs that pursuant to said contract the stallion named was delivered by them to defendant and his nine associates, and that defendant has refused to pay or secure the amount of the share, two hundred and fifty dollars, subscribed by him. The defendant admits his signature to the writing and admits that he has made no payments to plaintiffs on account thereof. It is his contention that before anything was done under the contract he withdrew therefrom, of which he notified plaintiffs, and that no delivery of the stallion named has ever been made to him or to any person for him. We need not stop to consider whether defendant had the right at any time while the contract remained executory to withdraw therefrom. It is certain that plaintiffs could have no right to sue upon the contract until execution or tender of execution on its part had been had. So far counsel do not disagree. Now it appears that within a few days after the writing had been signed the plaintiffs sent the stallion to Maynard in charge of an agent. Notice was sent out by such agent to all the subscribers to meet at a time fixed in Maynard to receive the horse and make settlement. Defendant and one other subscriber did not attend. Those who did attend proceeded by writing to form a copartnership under the name of the Maynard Percheron Horse Company; the purpose being to hold title to said horse and to have charge of the use thereof. The horse was then conveyed by plaintiffs to such copartnership by bill of sale, and possession was given under such bill. Settlement was made by one of the subscribers paying cash in the sum of two hundred and fifty dollars, and the others present united in the execution of a note for two thousand two hundred and fifty dollars. Defendant was subsequently asked to sign such note, and upon his refusal to do so this action followed.

One of the grounds of the motion for an instructed verdict was that delivery was made to the Maynard Per-

cheron Horse Company, of which company defendant was not a member and without authority from him. We think that on this ground, at least, the motion was properly sustained. The preliminary contract signed by defendant did not contemplate a partnership in the horse. The subscribers could not be held to have hereby intended more than a joint ownership. *Iliff v. Brazill,* 27 Iowa, 131; *Davis v. Bronson,* 2 N. D. 300, (50 N. W. 836, 16 L. R. A. 655, 33 Am. St. Rep. 783); *Gibbons v. Bente,* 51 Minn. 499 (53 N. W. 756, 22 L. R. A. 80). And it must be manifest that the arrangement could not be changed except by consent of all. Certainly no one of the number could be committed to the responsibilities incident to a partnership without his authority. As plaintiffs and the other subscribers elected to go ahead and complete the sale and purchase of the horse, having resort to conditions and means not within the preliminary contract, by which alone plaintiff was bound in any event, we think that such contract was abandoned. The contract of sale as actually made was not with the original subscribers, but with a distinct legal entity. It ought not to require citation of authorities to make it clear that defendand cannot be held to respond to a contract in the making of which he had no part or concern. We have examined the authorities relied upon by counsel for appellant, and do not regard them in point.— *Affirmed.*