## ISAACSON v. ETKIN et al.

(Supreme Court, Appellate Division, First Department. December 29, 1911.)

1. MONEY LENT (§ 8*)—PERSONS TO WHOM LOAN IS MADE—QUESTION FOR JURY.

In an action for money loaned, evidence *held* to require submission to the jury of the question whether it was loaned to defendants, husband and wife, or only to the husband alone.

[Ed. Note.—For other cases, see Money Lent, Dec. Dig. § 8.*]

2. MONEY LENT (§ 1*)—BENEFIT.

Money may be loaned to two or more persons, though, pursuant to the agreement under which the loan is made, it is delivered to one of them only, or to a third person; it being immaterial to the lender who is benefited by the loan.

[Ed. Note.—For other cases, see Money Lent, Cent. Dig. §§ 1, 2, 4; Dec. Dig. § 1.*]

Appeal from Trial Term, New York County.

Action by Sigmund Isaacson against Lizzie Etkin and another. From a judgment dismissing the complaint, at the close of plaintiff's case, as to defendant Lizzie Etkin, plaintiff appeals. Reversed, and new trial granted.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

Jacob Manheim, for appellant.
Harry N. Selvage, for respondent.

LAUGHLIN, J. The plaintiff alleges that on the 21st day of October, 1908, he "loaned and advanced to the defendants, at their request, the sum of $5,000, which defendants promised and agreed to repay to plaintiff at the end of one year from said day," with interest; that they had failed and refused to repay the same; and he demands judgment for the amount of the loan, together with interest and costs. The answer of the defendant Lizzie Etkin is in effect a general denial. On the trial the plaintiff was the only witness. He testified, in so far as material to the question presented for decision,

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

that he and the defendant Louis Etkin, the husband of the other defendant, made a parol agreement to become copartners in the business of making cloaks for women; that plaintiff was to contribute $5,000, in cash, as his share of the capital; that he met defendant Louis Etkin, pursuant to appointment, to consummate the arrangement, and had with him his own check, drawn to the order of "L. Etkin," for $5,000, for his contribution to the capital of the firm; that Louis Etkin stated that he had changed his mind about going into partnership, and that he had determined to go into business on his individual account, and proposed that plaintiff enter his employ at a salary of $40 per week and loan to him the $5,000 for one year; that plaintiff asked, if he gave the money, "who will be good for it," to which Etkin replied that his name would be good for it, and that his wife owned real estate and "she is good for it," and suggested that plaintiff loan the money to both of them and that they would both promise to pay him back the money at the end of a year with interest; that the respondent, who was in the next room, was then called in, and her husband stated to her that he did not wish to go into partnership with plaintiff, but wanted plaintiff to loan him "the money" for a year, and to work for him for the same period at $40 per week, but that plaintiff "is thinking about his security," and that he had assured plaintiff that his name was good for it, but had informed plaintiff that she owned real estate, and "can say good for the money," and that plaintiff could "lend the money to both of us," if he did not wish to loan it to the husband alone, whereupon the respondent replied, "Mr. Isaacson, you can be sure you will get the money at the end of the year, with your 6 per cent. interest; we promise to pay you at the end of the year, with your 6 per cent. interest;" that plaintiff then said that he was loaning the money to both of them, and asked if it was necessary to make over the check, and was informed by Louis Etkin that it was not; and that thereupon he delivered the check to the respondent. The initials of the defendants are the same. Respondent evidently delivered the check to her husband, for he indorsed it and drew the money, which he used in his business.

[1, 2] The thory on which the complaint was dismissed as to the respondent evidently is, as it was the only ground of the motion, that the evidence failed to show that the money was loaned to both of the defendants. We are of opinion that that was a question of fact for the jury. There is no merit in the contention that money can only be loaned to the party who actually receives and pursuant to the agreement uses it. It may be loaned to two or more, although pursuant to the agreement under which the loan is made it is delivered to one of them only, or even to a third party. It may be immaterial to the lender who is benefited by the loan; but he is vitally interested in the question as to who become liable primarily to repay it, and they are those to whom it is agreed that the loan is made, regardless of what becomes of the money.

It follows, therefore, that the judgment should be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.