(79 Misc. Rep. 613.)

JOHN W. WALKER CO. v. ROTH et al.

(Supreme Court, Appellate Term, First Department.    March 7, 1913.)

1. SALES (§ 363*)—ACTIONS FOR PRICE—INSTRUCTIONS.
    Where plaintiff pleaded and attempted to prove that it sold goods to both defendants, it was improper to charge that there could be no joint recovery against both, but only a recovery against either one of the defendants separately.
    [Ed. Note.—For other cases, see Sales, Cent. Dig. § 1064; Dec. Dig. § 363.*]

2. TRIAL (§ 328*)—VERDICT—SEVERANCE AS TO PARTIES.
    In an action against two defendants, both of whom appeared, joined issue, and defended the action, where the jury rendered a verdict for plaintiff against one defendant and rendered no verdict as to the other defendant, the court erred in ruling that such other defendant was "out of the case," instead of requiring the jury to find a verdict as to that defendant.
    [Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 771–773; Dec. Dig. § 328.*]

Appeal from City Court of New York, Trial Term.
Action by the John W. Walker Company against Ignatz Roth and another. From a judgment for plaintiff and an order denying a new trial, the defendant named appeals. Reversed, and new trial ordered.
Argued February term, 1913, before SEABURY, GERARD, and BIJUR, JJ.

I. Gainsburg, of New York City, for appellant.

David M. Neuberger, of New York City (A. C. Sherman and F. S. Marsell, both of New York City, of counsel), for respondent.

SEABURY, J.     [1] This action was brought against the Glen Island Casino Company and Ignatz Roth. · The complaint alleged:

"That between the 1st day of July, 1911, and the 26th day of August, 1911, this plaintiff sold and delivered to the defendants at the defendants' request certain goods, wares, and merchandise particularly set forth in Schedule A hereto annexed and made part of this complaint."

This allegation of the complaint was put in issue by the answer of the defendant appellant Roth, but was admitted by the defendant the Glen Island Casino Company, although that defendant alleged that the items set forth in Schedule A annexed to the complaint were not correct.   Upon the trial evidence was given on behalf of the plaintiff by one Walker, who testified that Roth said:

"I pay the bills.   *  *  *  You· are selling me.   You are not selling the Glen Island Casino Company."

In another part of his testimony, Walker said that he charged the bills for merchandise delivered to the Glen Island Casino Company to both of the defendants, and that he looked to both of the defendants for payment.   He also testified that he "sold the goods to the Glen Island Casino Company and to Ignatz Roth; the two persons I sold the goods to are Ignatz Roth and the Glen Island Casino Company." The learned court below charged the jury as follows:

"I charge you as a matter of law that in this case there can be but one recovery against one of the defendants in this action.   In other words, your verdict may not be for a joint recovery against both defendants; but, if you find that the plaintiff is entitled to a verdict, either you must render a verdict against the Casino Company or against the individual Roth."

To this charge the attorney for the defendant appellant duly excepted.   We think that this charge was not a correct statement of the law applicable to the evidence in the case.   The plaintiff in its complaint claimed and attempted to prove that it sold the goods to both of the defendants.   If the jury believed this ·evidence, then these defendants were jointly liable, and, if they were jointly liable, it was error to instruct the jury that they must find only one of the defendants liable to the plaintiff.   We think that the ·evidence was sufficient to justify the jury in finding that the defendants were jointly liable to the plaintiff, and therefore this issue should not have been withdrawn from the consideration of the jury.   The liability of the Glen Island Casino Company, in view of its failure to deny that the goods referred to in the complaint had been sold to it, was fully established.   The defendant appellant denied his liability, and denied that he was jointly liable with the Glen Island Casino Company.   The issue presented was one of fact which should have been submitted to the jury for their determination.

In Sternberger v. Bernheimer, 121 N. Y. 194, 197, 24 N. E. 311, 312, Ruger, C. J., said:

"There can be no doubt, we think, as to the general proposition that, upon a trial in an action where there are.several defendants, whether they are

all served with process or not, the verdict should be rendered against all who are proved to have been jointly liable, and a refusal by the court to direct such a verdict to be given in a proper case would be error, requiring a reversal of the judgment. Nelson v. Bostwick, 5 Hill, 37 [40 Am. Dec. 310]; Code of Civ. Proc. § 1932. It is also undoubtedly true that the evidence tended to show that the defendant Bernheimer was jointly liable with Joseph Falk upon the contract proved, and that a verdict against Bernheimer alone was rendered by the jury. If this was done against his objection, the judgment should be reversed."

In Isaacson v. Etkin, 149 App. Div. 219, 132 N. Y. Supp. 1044, Mr. Justice Laughlin said:

"The theory on which the complaint was dismissed as to the respondent evidently is * * * that the evidence failed to show that the money was loaned to both of the defendants. We are of opinion that that was a question of fact for the jury. There is no merit in the contention that money can only be loaned to the party who actually receives and pursuant to the agreement uses it. It may be loaned to two or more. Although pursuant to the agreement under which the loan is made it is delivered to one of them only, or even to a third party. It may be· immaterial to the lender who is benefited by the loan; but he is vitally interested in the question as to who became liable primarily to repay it, and they are those to whom it is agreed that the loan is made, regardless of what becomes of the money."

[2] The jury returned a verdict against the defendant appellant and no verdict at all as to the defendant Glen Island Casino Company. Either the Glen Island Casino Company was liable to the plaintiff, or it was not liable. If it was liable—and in view of the admission contained in its answer we think its liability clearly established—the jury should have returned a verdict against it. If it was not liable, it was entitled to a verdict in its favor dismissing the complaint. After the verdict was rendered, the court said:

"The verdict now is against the defendant Roth under the charge of the court, and consequently in this case the Glen Island Casino Company is out of the case, and there is no verdict against that defendant."

A defendant, who is served and appears by counsel and defends an action, cannot be thus summarily dropped out of a case. Issue was joined as to that defendant, and a verdict should have been rendered either against it or in its favor. If the jury found that both the defendants were jointly liable to the plaintiff, then a verdict should have been rendered against both defendants; but such a verdict the jury were instructed by the court not to render. If the verdict had been against both defendants jointly, and one of the defendants had paid the judgment entered upon the verdict, that defendant would have had a right to call upon his joint debtor for contribution. The summary process of treating one of the debtors as "out of the case" left the other defendant without a right to enforce contribution. For this reason, the charge of the learned court below was not only incorrect, but was prejudicial to the defendant appellant, and requires a reversal of the judgment.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event. All concur.