### HALLIBURTON et al. v. SUMNER.

UNLAWFUL DETAINER—*Circuit Courts have jurisdiction in.*—The provisions of the Code of Practice, respecting jurisdiction in actions of unlawful detainer, are not to be construed as taking from the Circuit Courts jurisdiction in those actions.

SAME.—Lands were sold by an administrator by order of the Probate Court; but previous to the time of confirmation and subsequent to the time of sale, the same administrator, with the approbation of the Probate Court, rented the lands to another party. On unlawful detainer brought by the purchaser at the administrator's sale: *Held,* That the purchaser was entitled to the possession from the time of ratification of the sale, and he was not deprived of any of his rights by virtue of the lease.

APPEAL FROM ARKANSAS CIRCUIT COURT.

*Garland & Nash,* for Appellants.

We submit that, by the purchase of the appellant at the administrator's sale, the relationship of landlord and tenant was created between him and the appellee holding under the lease. 1 *Washb. Real Prop.,* 445. This being true his action was properly brought and his case fully made out. 13 *Ark.,* 448; 18 *Id.* 284-304. That the Legislature could not take away the jurisdiction of the Circuit Courts in such action; 4 *Ark.,* 147; 7 *Id.* 173. But if the act attempting to take away jurisdiction is of any validity, not repealing expressly the jurisdiction in the Circuit Courts, it leaves the jurisdiction concurrent; 25 *Ark.,* 567, *et seq.;* *Delafield vs. State,* 2 *Hill* (*N. Y.*) 159, *et seq.*

BENNETT, J.—W. H. Halliburton and William A. Sample brought an action of unlawful detainer against Jacob B. Sumner, in the Arkansas Circuit Court, at the May term 1870, for the recovery of the possession of certain lands in that county.

The issues joined, in the court below, were submitted to a jury which found for the defendant. From which verdict and judgment the plaintiffs appealed.

But two questions are presented in the motion for a new trial:

*First.* Had the Circuit Court jurisdiction in an action of unlawful detainer?

*Second.* Was there such a relationship of landlord and tenant existing between the plaintiffs and defendant as to maintain an action of unlawful detainer upon the part of the plaintiffs; and if so, were the plaintiffs entitled to possession on the merits?

The question of jurisdiction was settled by the act of the Legislature, approved December 16, 1868. *Sec.* 1 *par.* 11, says: " In actions of forcible entry and detainer and unlawful detainer, justices of the peace shall only have concurrent jurisdiction with the Circuit Courts." · Whatever doubts may have been thrown upon the question by the wording of the Code, have been removed by this latter enactment.

As to the second proposition, the evidence produced at the trial shows that Sevier, the administrator of Jordan's estate, obtained an order of the Probate Court of Arkansas county, on the 13th day of January, 1869, to sell certain portions of the lands belonging to the estate, for the purpose of raising money to discharge its indebtedness. The lands said to be unlawfully detained, by the defendant, were included in the order of sale. In obedience to the above order, the administrator offered the lands for sale. At a term of the Probate Court held on the 13th day of October, 1869, the administrator produced his report of the sale and asked that it be approved and confirmed; which was accordingly done. By this report, it appears that one J. B. Ricks was the purchaser at the sale, but he afterwards, with the assent of the administrator, transferred, assigned and relinquished his bid to William H. Halliburton, who accepted it and agreed to become the purchaser of the lands in place of said Ricks. It also appears that on the 16th day of October, 1869, it being one of the days of the regular terms of the Probate Court, the order confirming the sale of lands, as approved in the administrator's report, was set aside, and further action on the report was postponed. On the 13th day of January, 1870, the

Probate Court finally confirmed the sale as made by the administrator. A bond for title was given by the administrator to W. H. Halliburton, but no date appears upon it, nor was it ever acknowledged. The evidence also discloses the fact, that the defendant Sumner was a tenant of the administrator for the years 1868–69 and that, at a public renting, by order of the Probate Court, on the 4th day of January, 1870, he rented the lands in controversy for the year 1870, and that the Probate Court, on the 11th day of April, 1870, confirmed said lease of lands.

We think the question has been settled in the cases of *Bradley vs. Hume*, 18 *Ark.*, 284, and *Frank vs. Hedrick*, 18 *Ark.*, 304, that an action of forcible detainer, under our statutes, will lie at the suit of a purchaser of land which, at the time of the purchase, was in the possession of a tenant under a lease from the vendor, upon demand after the expiration of the term for which it was leased, although the purchaser has never been in actual possession of the land.

The evidence, in the case under consideration, shows that Halliburton bought the land at an administrator's sale, about the 1st day of October, 1869, which sale was confirmed on the 13th day of January, 1870. It, also, appears that previous to the time of confirmation, and subsequent to the time of sale, the same administrator, with the approbation of the Probate Court, had rented the land to the defendant for the year 1870. Now was Halliburton the purchaser at the sale of October 1, 1869, or Sumner, the lessee of January, 1870, entitled to the possession at the commencement of this suit?

It is undoubtedly true that a contract of sale, made between the court as the vendor of property, through its agent or trustee, and the purchaser, is never regarded as consummated until it has received the sanction and ratification of the court. In the case of *ex parte Minor*, 11 *Ves.*, 559, it was determined " That a purchase before the master is not complete, before confirmation of the report." Still, whenever the ratification

of the sale takes place, the sale becomes absolute from the day of sale and the right of the purchaser begins from that time. In the case of *Wagner and Marshall. vs. Cohen*, 6 *Gill* 102, the court say : "Although this is the character of the imperfect right acquired by a purchaser at a sale of this kind, yet, it gives to him an inchoate and equitable title, which becomes complete by the ratification of. the court. When this is accomplished, the ratification retroacts, and he is regarded by relation as the owner from the period of the sale. He is, as such proprietor, entitled to the intermediate rents and profits of the estate ; he cannot escape from the sale because he may believe it to be disadvantageous, and is bound to pay interest on the purchase money from its date; and has, therefore, a direct and strong interest in protecting the property from injury and rendering it as productive as possible." In the case of *Jackson ex dem. Noah vs. Dickerson & Thompson*, 15 *Johnson*, 315, the court say : " The subsequent delivery of the deed, being mere matter of form, must have relation back to the time of purchase at the sheriff's sale." In the case of *Jackson vs. Warren*, 32 *Ill.*, 342, the court say : " In England the practice is to keep the biddings open, at a master's sale, so that any person may advance on a bid received by the master, which he reports to the court, so, until a final confirmation of the sale, no one can be considered a purchaser but a mere bidder ; but under our practice, at such sales, a valid and binding contract of sale is made when the hammer falls. In the absence of fraud, mistake or some illegal practices, the purchaser is entitled to a deed upon payment of the money."

Although the confirmation of the sale in the case before us was not made until after the premises were leased to the defendant for the year 1870, we must hold that, upon its confirmation, the purchaser, the plaintiff, was entitled to the possession of the premises from that date ; and he being no party to the leasing of the same to the defendant, is not deprived of any of his rights by virtue of the lease. Therefore, the

motion for a new trial was improperly overruled, both as to the question of jurisdiction and upon the merits.

The cause is reversed and remanded to be tried anew, not inconsistent with this opinion.