## MARTIN M. ASHLEY *v.* SAMUEL YOUNG.

1. ADMINISTRATOR. *Lease of decedent's lands.*

   The lease of a decedent's lands by the administrator, with the consent of the heirs, for the purpose of paying the debts of the estate, is valid.

2. LANDLORD AND TENANT. *Sub-lessee. Privity. Attachment for rent.*

   There is no privity of contract between a landlord and a sub-tenant of the premises, and the former cannot maintain an attachment for rent against the latter.

FROM the circuit court of Claiborne county.

HON. PATRICK HENRY, Judge.

Young, the appellee, was the plaintiff in the court below; Ashley, appellant, was defendant there. The proceeding originated in an attachment for rent, based on an affidavit by Ashley, the landlord. The goods of Young were seized thereunder, and he instituted an action of replevin for their recovery. The facts are otherwise fully stated in the opinion of the court.

*C. A. French*, for appellant.

Ashley, after he became the owner of the land, could elect whether he would let the tenants stay on the place for the remainder of the year, and finish their crops and pay him rent, or would eject them and take their crops, because the crops were as much his, while growing out of the soil, as the soil itself, and because he elected to show the tenants the favor of allowing them to remain on the land, and complete their crops and claim rent from them at the end of the season, they cannot complain, but are bound to pay the rent, and, therefore, the attachment was rightfully sued out, and judgment should have been given for Ashley, and the learned circuit judge erred in not giving judgment for him. Section 2495, code of 1892, gives the lessor of land a lien on all of the agricultural products raised on the leased premises, etc. It is contended, however, that Ashley is not the lessor of the tenant. If he is not, who is? He was the landlord; that cannot be disputed; and as the word "lessor" is used, are not the words "lessor" and "landlord" synonymous terms, and mean the same?

*H. C. Mounger*, on the same side.

We claim that the administrator had no right to rent the land to Reitz; that Reitz had no right to rent the land to the plaintiffs; that Ashley could have claimed all of the crops, or could have claimed rent if he preferred; that this course was more favorable to the plaintiffs; that he gave them an opportunity to make the contracts, and that they cannot take advantage of their own wrong, and say he has no contract; that by staying on the land there was an implied contract. Further, that Ashley, by his purchase, became the assign of Reitz, to adopt the view of the plaintiff, and could enforce whatever contract he (Reitz) had with the plaintiff, under § 2501, code of 1892; that Ashley is claiming no more rent from the plaintiffs than they had agreed to pay to Reitz.

*John Mc Martin* and *E. S., J. T. & H. W. M. Drake,* for appellee.

Ashley acquired at the sale of the land, made by Wagner, only such right as was then existing. The right then existing was the fee simple title to the land, burdened with the contract of lease to George Reitz. He could hold Reitz for the rent the latter had bound himself to pay, but he could not hold Reitz's sublessee, unless there was default in the payment of the rent, or not sufficient property left to pay the same when due. Then his attachment would have been against Reitz, and not against appellee. The attachment sued out, though, is against appellee, who is not in privity with appellant, and between whom there was no contractual relations. Ashley proceeds on the idea that his purchase dispossessed Reitz, and gave him the character of landlord as to all sublessees; in short, the rent Reitz was to pay under his contract was less than what he was getting from his sublessees. Therefore he had a right to the greater rent being paid by the sublessees to their lessor.

The lessor could not bring attachment against the sublessee. His remedy for rent in arrear, or for rent to become due, as stated in § 2511, of the code of 1892, is attachment against his tenant and not against the sublessees. §§ 2495, 2501, 2505, annotated code.

If the lessor could not bring attachment against a sublessee, then *a fortiori,* his grantee, or the purchaser of the reversion, could not do so. The grantee or purchaser of the reversion has no better right than the lessor or owner.

The right to distress depends upon the existence of the relation of landlord and tenant. Distress will not lie against a subtenant in the absence of a statute for want of privity. 12 Am. & Eng. Enc. L., 757.

TERRAL, J., delivered the opinion of the court.

Fred Miller died intestate in 1893, leaving heirs in Germany. Wagner qualified as his administrator, and rented out his lands

for seven years preceding 1900. In January, 1900, Wagner, for the purpose of paying the debts of the estate, rented the lands of the estate to Reitz for three bales of cotton, and a part of said land was subrented by Reitz to Sam Young. In April, 1900, the land was sold, by order of the court, to pay the debts of the estate, when it was purchased by M. M. Ashley. In the proceedings for the sale of the land the heirs were represented by counsel, who assisted in having the decree of sale made. Wagner, the administrator, announced at the sale that it was subject to the lease made to Reitz. The subtenants of Reitz refused to pay to Ashley their rent, which was much more than that which Reitz had agreed to pay to Wagner, but Ashley informed them that he would claim their rent; and, after the rent became due, Ashley sued out an attachment for rent against Young, who replevied, and had judgment for the property seized and also for damages. It seems that the estate of Miller owed debts which could not be paid without the appropriation of the lands or the rents of them to their payment, and that Wagner, the administrator, had, with the knowledge and acquiescence of the heirs, or their attorney, been renting the land from year to year and appropriating the rents to the payment of the debts, and that, by the acquiescence of the heirs, or their attorney, he had rented the land for the year 1900 to Reitz.

While it is true that the land descends to the heirs immediately upon the death of the ancestor, and that they are entitled to the immediate possession, it is also true that the lands of the decedent are subject to the payment of his debts, and that the heirs may waive their right and allow the administrator to rent the lands for the purpose of discharging the debts of the estate, and that the act of the administrator in renting the land, with the acquiescence of the heirs, for the purpose of paying the debts, is lawful and valid. *Crowder* v. *Shackelford*, 35 Miss., 359. We are of the opinion that the lease of Wagner to Reitz, made with the knowledge of the heirs and without

dissent, was valid, and that Ashley, by purchase of the land, became the owner of the claim for rent by reason of the lease of Wagner to Reitz. And, while he might have ·attached Reitz for the rent agreed to be paid to Wagner, and of which he became assignee by the purchase of the reversion, yet, there being no privity of contract between Ashley and Young, the attachment against Young was wrongful, and the judgment is

*Affirmed.*