PARKS v. KLINE ET AL.

[79 South. 81, Division A.]

1. MORTGAGES. *Foreclosure. Reasonable rental. Construing statute.* Code 1906, section 5051 (Hemingway's Code, section 3323), should not be so construed as to limit the right therein conferred solely to the mortgagor in person, but includes not only the mortgagor, but all persons claiming through him. The statute is remedial, and should be so construed as to give full effect to its purpose, and the purchaser of land at a foreclosure sale under a deed of trust is entitled to a reasonable compensation for the use of the land in growing a crop planted before the commencement of the foreclosure suit, as against a tenant of the administratrix *de bonis non* of the mortgagor and one claiming a lien for material furnished the tenant, the heirs not having objected to the lease.

2. MORTGAGES. *Foreclosure. Reasonable rental. Pleading.* A bill for an accounting by such purchaser, against the tenant of the executrix *de bonis non* and one furnishing him supplies, seeking to recover the value of the crop, less the advances made to the tenant of the executrix *de bonis non* and his subtenants and asking the court to fix the amount due, does not submit the question of a reasonable compensation for the use of the land under the statute and is demurrable. In such case what is a reasonable compensation for the use of the land under the statute, can be determined by a court of law.

APPEAL from the chancery court of Coahoma county. HON. MAY, Chancellor.

Suit by N. M. Parks against M. Kline and others. From a dismissal of the bill on demurrer, plaintiff appeals.

The facts are fully stated in the opinion of the court.

*Maynard & FitzGerald,* for appellant.

The chancellor decided this case on his construction of section 5051 of Code 1906, which he held was applicable. The court will observe that this section of the Code is in derogation of the common law and must be strictly construed. *Railroad* v. *Johnson,* 77 Miss. 735; *Holloman* v. *Bennett,* 44 Miss. 322, cited in *Byrd* v. *State,* 57 Miss. 246.

Before dismissing the effect of section 5051 of Code of 1906 on the suit at bar, if any, we will state what we believe and maintain to be the law in the case. Through an unbroken line of authorities from the case of *Planters Bank* v. *Walker,* 3 S. & M. 409, to the present our court has held that where a plantation with a growing crop thereon is sold under a mortgage or deed of trust, the right to the crop, unless severed, was a part of the freehold and passed to the purchaser of the land. *Reily* v. *Carter,* 75 Miss. 798.

It will be observed that this case was decided under a condition of facts existing prior to the enactment of the statute law, section 5051 of the Code of 1906, hereinbefore referred to. That statute, however was enacted before the decision rendered in the Reily case. In the 87th Miss., page 812, we find an appendix to this case made by the direction of Chief Justice WHITFIELD. In that appendix Chief Justice WHITFIELD called the reporter's attention to the fact that certain sentences were omitted from the opinion of the court in the Reily case.

The law laid down in the Reily case is still the law of this state. Our court recognized that fact in the late case of *Opperman* v. *Littlejohn,* 198 Miss. 646.

There may be a good reason for changing the harshness of the common law in those cases where the mortgagor himself has a growing crop on the

land, and it appears that the legislature intended by said section 5051 to modify the rule as to a mortgagor in certain cases.

Under the general rule of a liberal construction of statutes, the word mortgagor may include his ''heirs and assigns.'' The rule, however is different when the statute of construction is one in derogation of the common law. *Dibrell* v. *Dandridge,* 51 Miss. 55. No one else than the mortgagor, his heirs and assigns, could rightfully have possession of the land before sale.

It would be foolish to say the law in the Reily case is still the law against those wrongfully in possession of the land against trespassers. The Reily case was only an announcement of the common law, and the common law meant that the purchaser at a foreclosure sale would take the unsevered crops as a part of the freehold as against those who had a right prior to the sale to the lands and crops thereon.

Should this court hold that the crops unsevered from the land in the instant case did not go as a part of the freehold to the appellant by virtue of his purchase of the land at the foreclosure sale; nevertheless the decree of the lower court dismissing the bill was error and the case should be reversed.

Appellant was certainly entitled to a decree against appellees for a reasonable compensation for the use of the land. The very act itself says so, and further says the court may, on demand, adjudge the sum to be paid or tendered. The bill alleges that it was agreed between the complainant and the said Kline that he, the said Kline should take possession and receive all of the said crops and hold the same, or the proceeds of the sale of same until this matter could be settled by adjudication in the chancery court.

By agreement then of the parties to this suit, a demand was made on the lower court to settle the

controversy and of course to adjudge the sum to be paid or tendered, to complainant as a reasonable compensation for the use of the land should the court hold that said section 5051 of the Code was applicable.

Should the court hold that the appellant is only entitled to reasonable compensation for the use of the land it is very desirable that the court state whether or not that should be compensation for the whole year or only that part of the year which followed the purchase of the land.

The court declined to adjudge any compensation and dissmissed the bill. We submit to the court that this case should be reversed.

*Owen & Roberts,* for appellee.

Under section 5051, Code 1906 the mortgagor, or the purchaser, in cases where crops are planted and growing or grown on the premises at the time of the foreclosure, is entitled to complete the cultivation and gathering of the crops by first paying or tendering to the party entitled to possession, a reasonable compensation for the use of the land. Prior to the enactment of the statute the purchaser at a foreclosure sale took with the lands the crops growing on the same and this statute changed the rule so that the purchaser at the foreclosure sale is now entitled to reasonable compensation for the remaining part of the year. This statute was first construed by our court in *Reily* v. *Carter,* which was partially reported in 75 Miss. at page 798, but the reporter failed to report all of the decision and when this was discovered by Chief Justice Whitfield that part of the opinion omitted was placed in the Mississippi Reports in 87 Miss. 212.

Counsel seems to rely upon the fact that the parties claiming here are not the mortgagors. He files his

bill against the heirs of the mortgagor and against Kline, as a tenant, and the heirs of the mortgagor, i. e., the owners of the land demur to his bill. Kline also demurs to his bill and in addition to the rights which the heirs of the mortgagor had in the suit they had the further right to demur because any action for use and occupation in a common-law action was the proper remedy and not the remedy invoked by counsel in his bill in chancery. The chancery court had no jurisdiction on the face of the bill to try the matter but it was properly ascertainable if they were liable for anything, in an action for use and occupation. Kline had the further right to demur, which he did, because the bill on its face shows no rights against Kline.

Appellant's objection that the statute does not apply because it is in derogation of the common law, falls flat when it is shown by the bill that Lucius Hawkins is one of the mortgagors not made a party to the bill and is still living, and that the heirs at law of John Hawkins, after his death, were as much mortgagors as their deceased father was; second, the appellant must rely upon the legality of his own title and not on the defects in the defendant's title. He cannot wilfully leave out John Hawkins' heirs and Lucius Hawkins' who own the title to the crops and simply sue their tenants in an action of this kind.

SMITH C. J., delivered the opinion of the court.

Appellant exhibited his bill in the court below against appellees, setting forth in substance, that John Hawkins died intestate in 1904, seised and possessed of certain land; that prior to his death Hawkins executed a deed of trust on this land to secure Seymour Bros. in the payment of an indebtedness due them, evidenced by his promissory note; that on August

7, 1916, this deed of trust was foreclosed by the trustee therein, and the land purchased from the trustee by appellant; that when appellant purchased this land on August 7, 1916, there was a growing crop of cotton and corn on a part of it, which passed to and became the property of appellant by virtue of his purchase of the land; that this crop was planted, worked, and claimed by E. J. Parker and several other persons claiming to be his tenants; that Parker had rented the land from Mary Bass, who was *administratrix de bonis non* of the estate of John Hawkins, but that she had not been authorized by any order of the court in which the estate was being administered either to rent or to cultivate the land; that M. Kline supplied Parker and his alleged tenants with goods, wares, and merchandise for the purpose of enabling them to make a crop; that appellant demanded possession of the crop, whether before or after it was gathered does not clearly appear, but that possession thereof was denied him, Kline offering to pay him a "proportionate part of rents due by Parker on said crop in proportion that the months following the 7th day of August, 1917, bear to twelve months of said year," which he refused to accept, insisting that he was entitled to the crop or its proceeds, but that he was willing to allow Kline to retain out of the proceeds of the crop all advances he had made to Parker and his alleged tenants, which allowance to Kline the bill alleges appellant is still ready and willing to make; "that it was agreed between the complainant and the said M. Kline that he, the said Kline, should take possession and receive all of the said crops and hold the same or the proceeds of the sale of the same until this matter could be settled by adjudication in the chancery court;" that no debts were due by the estate of John Hawkins other than the debt secured by the deed of trust hereinbefore set out. The bill prayed that Kline make discovery of

the amount, value, and proceeds of the sale of the agricultural crop here in question received by him, and that a decree therefor be rendered for appellant, "or if mistaken in the relief prayed for, that this court will fix the true amount due complainant by the defendants out of the proceeds of said crops by reason of his purchase under the said trustee's sale; and that a decree be granted and entered against the defendants in favor of complainant for such compensation, together with legal interest thereon." Defendants demurred to this bill, and their demurrer was sustained and the bill dismissed; hence this appeal.

Appellee's contention is that section 5051, Code of 1906 (section 3323, Hemingway's Code), has no application here, for the reason that the crop in question was neither planted, cultivated, nor gathered by Hawkins, the mortgagor in the deed of trust at the foreclosure of which appellant purchased the land. This is true, but we think the statute should not be so construed as to limit the right therein conferred solely to the mortgagor in person, but includes, not only the mortgagor, but all persons claiming through him. The statute is remedial, and should be so construed as to give full effect to its purpose.

That the administratrix *de bonis non* had not been authorized by the court in which the Hawkins estate was being administered to cultivate or rent the land is not material, for she may, for aught that appears in the bill to the contrary, have been authorized so to do by Hawkins' heirs at law, the only persons who could have objected thereto. *Ashley* v. *Young,* 79 Miss. 129, 29 So. 822.

We are of the opinion, therefore, that the case comes within section 5051, Code of 1906 (section 3323, Hemingway's Code), and that appellant is entitled only to "a reasonable compensation for the use of the land," and that cannot be awarded in this suit, for the reason that

appellant's bill contains no allegations submitting that question to the court. Moreover, that question can be determined in a court of law, and the decree below expressly provides that the dismissal of the bill is "without prejudice to the complainant to sue in a court of law."

*Affirmed.*