WILLIAM HOLLMAN ET AL., APPELLEES, v. J. S. PATTISON & COMPANY ET AL., APPELLANTS.[*]

FILED MARCH 13, 1920.   No. 20831.

1. **Executors and Administrators: ADMINISTRATOR'S SALE: RIGHT OF POSSESSION.** When real estate of a decedent has been sold at administrator's sale, debts paid, net proceeds distributed, and confirmation had, then a purchaser is entitled to possession from the time of confirmation of administrator's sale, and is not deprived of any of his rights by virtue of a lease to which he was not a party.

2. ———: **LEASE.** A lessee from an administrator is not entitled to a lease of more than one year, and option for a longer time is null and void.

3. ———: **ADMINISTRATOR'S SALE: RIGHTS OF PURCHASER.** A purchaser not a party to the lease of a building which he purchased at administrator's sale, is entitled to immediate rents and profits from date of confirmation of sale.

4. ———: **LEASE.** An administrator cannot lease an estate of which he is administrator beyond his term of office.

APPEAL from the district court for Kearney county: WILLIAM C. DORSEY, JUDGE. *Affirmed.*

*Charles A. Chappell, M. D. King* and *Raymond M. Crossman,* for appellants.

*C. P. Anderbery, contra.*

ALDRICH, J.

This case was an action in forcible entry and detainer to recover possession of one certain brick business block situated in the city of Minden.

[*]Rehearing allowed. See Opinion p. 847, *post.*

Plaintiffs were purchasers of this block in question, at administrator's sale, and the sale was confirmed by the district court on June 29, 1917. At time of sale and confirmation defendants were in possession of the premises under a lease. This property was part of the estate of Hannah E. Haws, deceased, and Frank I. Haws was administrator. His administration began June 1, 1914. He took possession of this block at that time, collected the rents, and distributed the same as per his authority. The building was occupied at one time by the Haws Hardware & Furniture Company, which firm was in financial distress and was desirous of quitting business. It is to the interest of the estate to lease the premises pending settlement and sale of the building. The administrator negotiated with J. S. Pattison & Company for the sale of the goods and for a lease of the building. The administrator and an heir of the estate and the attorney for the estate entered into negotiations. The defendant leased the building for one year, with the option of four years more. This condition or proposition was submitted by the administrator to the heirs of the Haws estate, and a contract was entered into between the Haws Hardware & Furniture Company, which was composed of the heirs of this estate and the defendants herein. This lease was authorized by the administrator in presence of Louis C. Paulson, attorney for the Haws estate, and also was witnessed by J. Haws, an heir to the estate, and is labeled: "Rent from July, 1915, to July 12— waived." Immediately upon making the lease on July 19, 1915, defendants took possession of the leased property and occupied the same continuously up to April 12, 1918, and are in possession of the same at the present time. In March, 1917, plaintiffs began to negotiate with the heirs of the Haws estate for the purchase of the property. It is claimed, and some testimony is offered, that the plaintiffs agreed in writing to recognize and to purchase this property subject to the lease, but this agreement was not introduced in evidence. Proceedings

were had in the district court to obtain license to sell this real estate to pay debts of the estate. These proceedings were instituted by the administrator of the estate. The license being obtained, the administrator was ordered, according to law, to sell the buildings, and pay debts, and in pursuance thereof the administrator sold the building to plaintiffs, received the purchase price, and paid the debts of the estate. It appears of record that final account of administration was dated July 18, 1917, and covered the period from June 1, 1914, to July 18, 1917. On July 19, 1917, the county court ordered hearing on final account to be set for August 18, 1917. On this date the county court approved the final account of Frank I. Haws, as administrator of Hannah E. Haws, deceased, and ordered distribution. On April 12, 1918, the administrator testified, on the hearing of the instant case in the district court, that he had paid the debts and distributed the net proceeds.

The first question of difficulty presented is: Was the lease executed by the administrator valid after the leased property had been sold at an administrator's sale? The sale was confirmed by the district court, debts were paid, and the net proceeds distributed among the heirs. The administrator had no authority to lease beyond this period. *Jackson v. O'Rorke,* 71 Neb. 418.

It appears of record that plaintiffs purchased these premises under license duly procured from the district court to sell the real estate to pay debts, and received administrator's deed. The lessees, who were in possession at the time of the sale, recognized the validity of the sale by paying the rent to the new purchasers.

It appears the administrator had leased the premises to defendants for one year, with the privilege of four years more. Are these plaintiffs estopped from claiming rights of possession which are adversary to the lessees? Defendants claim that plaintiffs are estopped from asserting superior title by virtue of this lease. We hold the grantees, plaintiffs, are not estopped from claiming

a superior title. These defendants claiming paramount title cannot rely upon an estoppel, because it grows out of a transaction to which they were not parties. It is also claimed that it was the intent of the parties to the administrator's deed, as well as to the quitclaim deed, that the title conveyed by these instruments should convey this property absolutely. An administrator cannot lease or otherwise impair possession of title to land by an instrument the effect of which may extend over and beyond his term of office, and defeat the purposes of administration.

It also appears of record that this administrator paid the debts, and, after doing so, distributed the net proceeds among the heirs, although it is not shown when the distribution or discharge of the administrator was had. But it does appear satisfactorily that the debts were paid and distribution of the net proceeds was had some time before the trial of this case and before judgment.

But it is claimed by defendants that this lease extended beyond the period of one year, with the option of extending the lease four years more. We hold that such a contract is invalid and unenforceable because its execution would defeat the object and purposes of an administrator's deed, prevent the settlement of the estate, and owing to uncertainty of the term of office extending beyond one year. It would appear to be contrary to public policy to allow administrators to lease premises for more than a year at a time or beyond the time when final settlement and distribution is made. Then, if it appeared to be advantageous to the estate at the close of the year, he could extend the lease for a year, and so on until there was a sale and final distribution. A purchaser at an administrator's sale is entitled to immediate rents and profits. These plaintiffs in a sense obtained possession of the premises in question. The defendants recognized and ratified plaintiff's title by payment of rents. A purchaser at administrator's sale becomes the owner from the period of the sale and its

confirmation by the court.  The defendants or some of them were present at this sale.

*Halliburton v. Sumner,* 27 Ark. 460, is a case very similar to the one in hand: "Lands were sold by an administrator by order of the probate court; but, previous to the time of confirmation and subsequent to the time of sale, the same administrator, with the approbation of the probate court, rented the lands to another party.  On unlawful detainer brought by the purchaser at the administrator's sale, *held,* that the purchaser was entitled to the possession from the time of ratification of the sale, and he was not deprived of any of his rights by virtue of the lease."

We hold there was no loss of jurisdiction.  This action was not prematurely brought, because at the time of bringing it the sale was consummated, and it had received the confirmation of the court.  When this situation is accomplished, the ratification retroacts, and the purchaser is regarded by relation as the owner from the period of the sale.  Such purchaser therefore is entitled to the rents of the estate, and in the instant case he collected them.

In *Stone v. Snell,* 77 Neb. 441, this court held that an option to purchase land, "indeterminate as to time and accompanied by a deed deposited in escrow, is terminable at any time upon reasonable notice by the vendor."  It was also held in the same case that "a vendee of land in the possession of a tenant takes the title subject to the unexpired term."  The situation in the instant case is entirely different.  The lessees in the present transaction were strangers to the title of the purchasers, while in *Stone v. Snell, supra,* they transacted their business and made their contract with the original owner of the title, and of course the owner of the original title was bound to recognize whatever lease he had made.  The present purchasers at administrator's sale were strangers to defendants' lease, in no way participated in it.  It must be said that the administrator's deed confirmed

by the district court carries a title superior to an administrator's lease when the lease may extend beyond his term of office.

It is also maintained that the doctrine of *caveat emptor* applies in the instant case. That is a wise and wholesome doctrine, but it has no application here, because the purchaser at an administrator's sale does not take the property subject to a lease that may result in a policy contrary to public interests. But if the doctrine of *caveat emptor* were here, it occurs to us that defendants' remedy would have been to enjoin this sale, for the reason that the same would interfere with lessees' rights and be against their property interests. If an administrator's rights and duties are no more than defendants claim them to be, such an action would have settled defendants' rights absolutely.

We are not unmindful of the rule in *Ashley v. Young,* 79 Miss. 129. We concur with that decision only in so far as it authorizes the administrator, during his term, with the concurrence of the heirs and the commission granted by the district court, to lease the real estate, or to sell so much as may be necessary to pay the valid debts of the estate. The instant case is slightly different on the facts from *Ashley v. Young, supra.* In the Mississippi case the sale was made subject to the lease, while in the instant case the sale ignores the lease. In the instant case the administrator, with the permission of the district court, sold the lands to pay the debts of the estate, and, when the debts were paid and all creditors discharged and the net proceeds distributed to the heirs, then we hold that the administrator is discharged by operation of law if he neglects to act under the provisions of the statute for such purposes. We hold that, when the debts have been paid and distribution of the net proceeds had to the heirs, then the administrator's official duties are at an end, and that he cannot lease the property beyond his term of office. If he could, he might lease it for a period of ninety-nine years instead of one,

and that would be granting an administrator, or executor, more power and authority than would be necessary to an honest and efficient administration.

In view of this discussion, and taking into consideration the best interests of all concerned, we hold the case must be affirmed.

AFFIRMED.

LETTON and DAY, JJ., not sitting.