CARLOS D. SIEGERT AND OTHERS, RESPONDENTS, *v.* CORNELIUS W. ABBOTT, APPELLANT, IMPLEADED WITH CORNELIUS F. ABBOTT, DEFENDANT.

*Partnership — summons served upon only one partner — a judgment containing an injunction against the firm is erroneous — the partner not served is entitled to contest the question of partnership.*

In an action brought by a firm to prevent the use of a trade-mark by two partners, who were both residents of a foreign State, the summons was served only upon one of the defendants. Upon the trial of the action the court gave judgment for the plaintiffs and enjoined both the defendants as partners, and also the defendant served, as an individual, from further use of the trade-mark.

*Held,* that this judgment was erroneous.

That the defendant not served had a right to contest the question whether he was a partner; and the court not having jurisdiction of him could not, in his absence, find that to be the fact, nor make any judgment based upon such finding which would be operative against him.

APPEAL by the defendant, Cornelius W. Abbott, from an order, entered in the office of the clerk of the city and county of New York on the 15th day of September, 1891, denying a motion to set aside a judgment entered against him in the above-entitled action, he having appeared specially for the purpose of this motion.

The order appealed from further provided :

*Ordered*, That the judgment be and the same is hereby modified, as follows : The words " jointly and severally " are hereby stricken out, and in their place are inserted the following words : "As copartners composing the firm of C. W. Abbott & Co., and the said Cornelius F. Abbott individually."

And further ordered, that the clerk of this court be and he is hereby directed to amend said decree as heretofore filed to comply with the foregoing order, and in all other respects said motion is hereby denied.

*John Brooks Leavitt*, for the appellant.

*Arthur Furber*, for the respondents.

DANIELS, J. :

The action was brought to restrain the use a trade-mark attached to what has been called and known as Angostura Bitters. These bitters were manufactured and sold by the plaintiffs under that name or designation, and had acquired a somewhat extensive sale to the profit and advantage of the plaintiffs. It was alleged in their complaint that the defendants had infringed upon these rights by manufacturing and selling a compound under the same name. The plaintiffs were engaged in this business in the city of New York, while the defendant appealing, together with Cornelius F. Abbott, were residents of and engaged in business in the city of Baltimore, in the State of Maryland. The summons in the action was not served upon the appealing defendant, neither did he appear or answer the complaint. The other defendant, Cornelius F. Abbott, appeared, and also served an answer to the complaint, taking issue with its material allegations, and also setting up as a bar to the action a decision made in the State of Maryland against the plaintiffs in a similar action prosecuted there. The court upon the trial concluded that this preceding decision was not a bar to the action, and determined the issues framed by the answer of the defendant, Cornelius F. Abbott, in favor of the plaintiffs, and found as a fact that Cornelius W. Abbott, the appellant, was a partner with the defendant who appeared and answered in the action ; and directed judgment against the defendants jointly in favor of the plaintiffs, estab-

lishing their right to the use of this name as a trade-mark, and directing the defendants, jointly and severally, to be perpetually restrained and enjoined from putting up, selling, or offering for sale, any article in imitation of the plaintiff's compound, or using the name Angostura Bitters or Angostura Aromatic Bitters, or any imitation of the same; and also directing the defendants to deliver up to the plaintiffs to be destroyed all circulars, wrappers and labels in their possession or under their control of the form or character, used by the defendants in putting up their article for sale. And judgment was entered against the defendants conformably to this decision. A motion was thereafter made, on behalf of the defendant, Cornelius W. Abbott, to vacate so much of the judgment as was recovered against him on the ground that he had not been served with the summons or appeared in the action. And on the decision of the motion an order was made striking out from the judgment so much of it as perpetually enjoined both of the defendants jointly, and severally, and their servants, etc., and inserting in place of that direction the clause, " as copartners, composing the firm of C. W. Abbott & Co., and the said Cornelius F. Abbott, individually," thereby so far modifying the judgment as still to enjoin and restrain Cornelius W. Abbott as a partner from making use of the phrases already mentioned in the manufacture and sale of these bitters.

The judgment, as it has been modified by the order, still contains an adjudication against the appellant. In the findings of the court he is found to be a partner with the defendant who was served with process and appeared and contested the action. And that finding necessarily involved the trial of so much of the action against the appellant, in his absence, as included the taking of proof of the fact of the partnership and justified the finding of this fact by the court. And in the determination directed by the findings, and included in the judgment, the judgment proceeds against the appellant. It is made to operate upon him as a member of a partnership composed of himself and the other defendant. To do that it was necessary to try the question whether he was or was not a partner with the other defendant, and to take proof to establish the existence of that fact. And that could not be legally done as long as the appellant was not a party to the action. The court could no more try the question whether he was a partner with the other defendant to affect

him individually, and, therefore, liable to be enjoined and restrained as such, than it could try any other part of the controversy intended to affect him by the judgment to be recovered. It acquired no jurisdiction whatever to try any question concerning him that had been included in the complaint as long as he was not served with the summons and did not appear. And the court exceeded its jurisdiction in taking proof of the fact that the appellant was a member of a firm composed of himself and the other defendant, and also in the direction that he should be enjoined with the other defendant from using the phrase in controversy. And the modification of the judgment did not relieve it from this objection, but it still left the judgment operative against the appellant as a member of this firm, and enjoined him not as an agent or servant of the other defendant, but as a member of the firm itself, when the most that the court had jurisdiction to do was to try and determine the action against the other defendant and to enjoin him, his agents and servants, from the use of these phrases, Angostura Bitters, or the word Angostura, or any imitation of it, or Angostura Aromatic Bitters.

The law has, in certain cases, permitted a judgment to be entered in form against two or more persons upon the service of the summons on one of them. But those are cases where they have become jointly liable upon a contract, and do not include actions of this description. And the fact that statutes have been enacted to permit that to be done in actions upon joint contracts is very decisive evidence that, without such legislation, the courts would have no authority to permit a judgment to be entered against one person upon the service of the summons only on another. The legal principle, on the contrary, is, that no person can be affected by a hearing or adjudication of a court of justice without his voluntary appearance or affording to him, by means of the service of process upon him, or upon his property, an opportunity to appear and contest the claim that may be made against him. And within that principle the court had no power to make any adjudication whatever against the appellant, either in the findings of fact or by the judgment finally entered in the action. And when the motion was made he was entitled, as he appeared only for the purpose of the motion, to have the judgment so far vacated as it was in form and effect entered against himself.

The order should be reversed, with ten dollars costs and the disbursements, and an order directed striking out so much of the judgment as has been entered, and is intended to be operative upon this defendant individually.

VAN BRUNT, P. J., concurred.

So ordered.