BENJAMIN R. KITTREDGE, Respondent, *v.* ARTHUR E. GRANNIS, Appellant, Impleaded with WILLIAM C. LANGLEY and ROBERT CUTTING LAWRENCE, Defendants.

First Department, March 17, 1922.

**Partnership — action against members of copartnership for conversion of bonds delivered by plaintiff's bailees to defendants — action in tort and not on implied contract — one partner not served — judgment cannot be entered against partner not served.**

The complaint in an action against members of a partnership, one of whom was not served, to recover the value of bonds, states a cause of action in tort and not one based on an implied contract, where it is alleged, in the first cause of action, that the defendants wrongfully and unlawfully took the bonds into their possession and sold them without the consent of the plaintiff, appropriating the money to their own use; and in the second cause of action, that the bonds were pledged by plaintiff's bailees with the defendants and later sold by the defendants.

Accordingly, a judgment against both partners as prescribed by section 1932 of the Code of Civil Procedure (Civil Practice Act, § 1197), which would make the partnership assets subject to levy for the payment of the judgment, was improperly rendered, for said section is not applicable to an action in tort.

APPEAL by the defendant, Arthur E. Grannis, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 30th day of January, 1922, denying his motion to declare as null and void and to vacate and set aside so much of the judgment entered herein as refers to said Grannis and to amend said judgment by striking therefrom said defendant's name and the phrase " copartners trading under the firm name and style of Grannis & Lawrence."

*Parker K. Deane* [*Royal E. T. Riggs* of counsel], for the appellant.

*Satterlee, Canfield & Stone* [*Randolph Hicks* of counsel; *George F. Canfield* and *Harlan F. Stone* with him on the brief], for the respondent.

GREENBAUM, J.:

The judgment as entered reads as follows: " It is adjudged that the plaintiff, Benjamin R. Kittredge, recover of the defendants, Arthur E. Grannis and Robert C. Lawrence (Grannis not being summoned), copartners trading under the firm name and style of Grannis & Lawrence, the sum of $149,232.37, found by the jury, with $161.36 costs as taxed, amounting in all to $149,393.73, and have execution accordingly."

The action was begun by the plaintiff against Arthur E. Grannis, Robert C. Lawrence and William C. Langley, described as copart-

ners under the firm name of Grannis & Lawrence, engaged in the business of stock brokerage and in buying and selling stocks. A summons was served upon each of the defendants William C. Langley and Robert Cutting Lawrence, but no summons was ever served upon the defendant Arthur E. Grannis, who was a resident of the State of Massachusetts.

The complaint states two causes of action seeking the same relief. The significant allegations in the first cause of action are that plaintiff was the owner of ninety-five bonds of various named railroads; that on the 23d day of April, 1908, " the defendants above named " without the knowledge or consent of the plaintiff, wrongfully, unlawfully and fraudulently took into their possession the said bonds, then the property of the plaintiff, and without his knowledge or consent sold said bonds to persons unknown to him and appropriated and converted said securities to their own use.

In the second cause of action plaintiff alleges the deposit on or about the 10th day of April, 1908, of the securities hereinbefore described, with a firm known as Coster, Knapp & Co., upon the understanding that they were to be sold by them " as and when directed so to be sold * * * which agreement has ever since remained without change or modification in full force and effect; " that " on or about the 23d day of April, 1908, the said Coster, Knapp & Company, without further or other instructions or authority from plaintiff and without his knowledge or consent, wrongfully, unlawfully and fraudulently converted and appropriated said securities to their own use " by pledging them " with the defendants above named as security for loans and advances of money made by the defendants to the said Coster, Knapp & Company, of all of which defendants then and there had knowledge."

The complaint then alleges a mass of details in the nature of evidentiary matter purporting to show the relations between Coster, Knapp & Co. and the defendant Robert C. Lawrence and his brother, Joseph D. Lawrence, since 1894 to the effect that they had been employed at various times as bookkeepers and general office managers of Coster, Knapp & Co., and that they knew of the fraudulent practices of that firm in systematically converting and misappropriating securities left with them by their customers, and that subsequently the defendants were used as a medium for assisting Coster, Knapp & Co. in its fraudulent methods. Then follows paragraph " 14 " of the complaint, which reads: " On information and belief that the defendants above named and particularly said Robert C. Lawrence knew of the delivery and pledging of said securities to defendants by Coster, Knapp & Company as aforesaid at the time of said delivery and defendants and particularly said

Lawrence by reason of the foregoing facts and by reason of other facts in their knowledge, which facts were sufficient to induce them as reasonable men to inquire as to the true ownership of the securities hereinbefore referred to, and as to the authority of said Coster, Knapp & Company to dispose of them, knew or had notice and were chargeable with notice that on the date of the delivery of the said securities to the defendants as aforesaid, said securities were not the property of said Coster, Knapp & Company and that said securities were the property of the plaintiff herein, and were wrongfully, unlawfully and fraudulently delivered to the defendants by the said Coster, Knapp & Company without the knowledge, authority or consent of the plaintiff, as the lawful owner thereof, for the purposes of their own and not for or in behalf of plaintiff."

Judgment is demanded for $84,200, the alleged reasonable value of the securities. The defendant Langley's answer sets up as one of his separate defenses that the firm of Grannis & Lawrence was composed of Arthur E. Grannis and Robert C. Lawrence as general partners and William C. Langley as special partner.

The defendant Lawrence in his answer after denying many of the allegations in the complaint alleged that on the 23d day of April, 1908, Coster, Knapp & Co. delivered the bonds in question to the firm of Grannis & Lawrence; that said bonds were negotiable; that Grannis & Lawrence had advanced $86,000 thereon without any knowledge of the claim of the plaintiff; that said bonds were taken without notice and in good faith, and that thereafter said bonds were sold by Grannis & Lawrence in the usual course of business and the proceeds credited to Coster, Knapp & Co.

The defendant Langley was granted a separate trial on the issue of whether he was a general or special partner. The jury's verdict upon that issue was that he was not a general partner and the complaint, therefore, was dismissed as to him.

The case thereafter went to trial as an action in tort against the partners and after rendition of the verdict in favor of the plaintiff the trial court directed the entry of the judgment as above quoted. The contention of the respondent is that the fraudulent acts alleged and proved may be regarded as evidence of an indebtedness upon the theory of an implied contract, thus justifying the form of judgment prescribed by section 1932 of the former Code of Civil Procedure, which reads as follows: " In an action, wherein the complaint demands judgment for a sum of money against two or more defendants, alleged to be jointly indebted upon contract, if the summons is served upon one or more, but not upon all of the defendants, the plaintiff may proceed against the defendant or defendants, upon whom it is served, unless the court

otherwise directs; and, if he recovers final judgment, it may be taken against all the defendants thus jointly indebted." (See, also, Civ. Prac. Act, § 1197.)

The learned trial justice in directing the entry of the judgment recognized that there was no specific provision of law authorizing such a form of judgment in an action *in tort*, but held that by parity of reasoning the same course should be followed as though the action were based upon a contract. The effect of the judgment as it now reads would be to enable the plaintiff to satisfy the judgment out of the firm property. The transaction as alleged in the complaint was not one arising from any contractual relation-ship between the plaintiff and the firm of Grannis & Lawrence. The plaintiff's contractual relations were with the firm of Coster, Knapp & Co., which it is alleged fraudulently converted the bonds of the plaintiff and delivered them to Grannis & Lawrence with knowledge of the fraud and of the fact that Coster, Knapp & Co. had no title to the securities.

The case was unquestionably tried against the individual defendants as joint tort feasors upon the theory of fraud without the slightest intimation or suggestion that the copartnership of Grannis & Lawrence was liable to plaintiff as a debtor under an implied contract. No authority in support of the respondent's contention has been submitted. Cases may be found like *Austin* v. *Rawdon* (44 N. Y. 63), in which a tortious act of conversion of securities by the defendant firm was alleged and proved, but in that case there was a deposit of the securities under an agreement between the parties to the action. In other words, the conversion of the bonds constituted the breach of the agreement.

There can be no doubt that section 1932 of the Code is not applicable to a judgment arising out of the tort of a partner for whose wrongful acts the partnership would be liable.

The question was squarely decided in *Siegert* v. *Abbott* (62 Hun, 475), in which an action was brought to prevent the use of plaintiff's alleged trade mark by two partners, both residents of a foreign state in which the summons was served only upon one of them. Judgment was directed against both defendants, " as copartners, composing the firm of C. W. Abbott & Co., and the said Cornelius F. Abbott, individually," the latter being the member of the firm who had been served. The following quotation from the opinion in that case, which in principle applies to the facts of this case, makes further discussion unnecessary: " The law has, in certain cases, permitted a judgment to be entered in form against two or more persons upon the service of the summons on one of them.

31

But those are cases where they have become jointly liable upon a contract, and do not include actions of this description. And the fact that statutes have been enacted to permit that to be done in actions upon joint contracts is very decisive evidence that, without such legislation, the courts would have no authority to permit a judgment to be entered against one person upon the service of the summons only on another. The legal principle, on the contrary, is, that no person can be affected by a hearing or adjudication of a court of justice without his voluntary appearance or affording to him, by means of the service of process upon him, or upon his property, an opportunity to appear and contest the claim that may be made against him. And within that principle the court had no power to make any adjudication whatever against the appellant, either in the findings of fact or by the judgment finally entered in the action. And when the motion was made he was entitled, as he appeared only for the purpose of the motion, to have the judgment so far vacated as it was in form and effect entered against himself."

There is no alternative but to reverse the order appealed from and direct that the judgment be amended by striking therefrom the name of Arthur E. Grannis and the phrase " copartners, trading under the firm name and style of Grannis & Lawrence," with ten dollars costs and disbursements to appellant.

CLARKE, P. J., DOWLING, SMITH and PAGE, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and judgment amended as directed in opinion.