Louis STERNBERGER et al., Respondents, *v.* MEYER A. BERNHEIMER, Impleaded, etc., Appellant.

*It seems,* where an action is brought against several defendants upon a joint obligation, the judgment should be against all who are proved to have been jointly liable, whether they were all served with process or not, and a refusal by the court to direct such a verdict in a proper

case would be an error requiring a reversal of the judgment. (Code. Civ. Pro. § 1932.)

In order, however, to make such a refusal, or the fact that a verdict was irregularly rendered against one alone of the joint debtors, the ground of reversal, there must be a proper exception presenting the question.

Reported below 24 J. & S. 323.

(Argued March 19, 1890; decided April 15, 1890.)

Appeal from judgment of the General Term of the Superior Court of the city of New York, entered upon an order made January 7, 1889, which affirmed a judgment in favor of plaintiffs entered upon a verdict, and affirmed an order denying a motion for a new trial.

The nature of the action and the facts are sufficiently stated in the opinion.

*Esek Cowen* for appellant. The judgment appealed from is erroneous, because it is a judgment against the appellant, individually, and no ground for such a judgment is to be found in the complaint, or in the evidence. (*Nelson* v. *Bostwick*, 5 Hill, 37 ; *Niles* v. *Battershall*, 2 Robt. 146.) It was the duty of the court to have instructed the jury to assess the damages against Joseph Falk, with the appellant, if they found that he was jointly interested with said Falk. (*Van Schaick* v. *Trotter*, 6 Cow. 599; *Catlin* v. *Latson*, 4 Abb. Pr. 248 ; *Bacon* v. *Comstock*, 11 How. Pr. 198; *Sluyter* v. *Smith*, 2 Bosw. 673.)

*James M. Smith* for respondents. A judgment improperly entered is an irregularity. That irregularity should be corrected by motion, not on appeal. (*J. L. & S. O. Co.* v. *Hubbell*, 76 N. Y. 545, 546 ; *Wright* v. *Nostrand*, 94 id. 41 ; *B. S. Co.* v. *Forbin*, 36 id. 561–568; *Binsee* v. *Wood*, 37 id. 526, 532; *Buck* v. *Remsen*, 34 id. 383, 385 ; *Delavalette* v. *Wendt*, 75 id. 579.) Under section 1205 of the Code, a separate judgment may be entered against one, when joined with others, upon a claim of joint liability. (*McIntosh* v. *Ensign*, 28 N. Y. 172 ; *Stediker* v. *Bernard*, 102 id. 328; *J. L. O. Co.* v. *Hubbell*, 76 id. 543.) If the judgment is right, not-

withstanding the error, it is no ground for reversal. (*Stewart* v. *Morse*, 79 N. Y. 629; *Loder* v. *Whelpley*, 111 id. 247; *McGean* v. *M. R. Co.*, 117 id. 219; *Lowe* v. *Williamson*, 110 id. 213; *Caldwell* v. *N. J. S. S. Co.*, 47 id. 286.)

RUGER, Ch. J.   The complaint in this action proceeds against the defendants, Meyer A. Bernheimer, Joseph Falk and George W. Falk, upon a joint undertaking to engage in a stock speculation, in pursuance of which they employed Louis Sternberger, one of the plaintiffs, as a broker to purchase and carry for them 600 shares of stock; which speculation resulted in a loss.   The evidence tended to show that the order for this purchase was given by Joseph Falk to Louis Sternberger in the presence of and with the express approval of the defendant, Bernheimer, and purported to be given 'on behalf of the defendants and two other persons, who were not made parties to the suit.   The defendants, Bernheimer and George W. Falk, were alone served with process and appeared in the action, the defendant Joseph Falk having become insolvent and left the state.   The defendants served, answered separately and, without alleging the nonjoinder of other parties defendant, respectively denied giving or authorizing the order of purchase referred to, or any participation in such speculation, either jointly or otherwise.   Soon after executing the order of purchase, the plaintiff Louis Sternberger associated the other plaintiffs in business with himself and duly assigned to them an interest in his business, which included the claim in suit.

The question litigated upon the trial was whether the defendants, Bernheimer and George W. Falk, or either of them, were interested with Joseph Falk in the purchase of the stock; each contending that he had no interest whatever in such purchase.   Much evidence was given upon both sides in respect to this issue; that of the plaintiffs tending to show that the stock was purchased and carried by them upon the order and at the request of the three defendants, jointly, as alleged in the complaint.   This evidence was strenuously disputed by the respective defendants appearing in the action, each testi-

fying in his own behalf, and a question of fact as to the credibility of the witnesses testifying on the respective sides, was made for the determination of the jury. The evidence was so conflicting that it could not be reconciled or harmonized, and no other alternative was presented except a submission to the jury of the questions of fact arising in the case. The jury found a verdict in favor of the defendant George Falk, and against the defendant Bernheimer, and this verdict has been affirmed by the General Term. That court, being the last tribunal authorized to review the facts, having refused to interfere with the verdict, we are precluded on this appeal from considering any questions arising upon conflicting evidence in the case.

The appellant argues quite strenuously that an exception to the charge of the trial court, reading as follows: " My exception is to that portion of the charge in which your honor told the jury, if the defendants were jointly interested, that a verdict could be found against them, or either of them," was well taken and should · cause a reversal of the judgment. The appellant's contention is that the verdict should have been against Joseph Falk as well as Bernheimer. There can be no doubt, we think, as to the general proposition that, upon a trial in an action where there are several defendants, whether they are all served with process or not, the verdict should be rendered against all who are proved to have been jointly liable, and a refusal by the court to direct such a verdict to be given in a proper case would be error, requiring a reversal of the judgment. (*Nelson* v. *Bostwick*, 5 Hill, 37 ; Code Civ. Pro. § 1932.)

It is also undoubtedly true that the evidence tended to show that the defendant Bernheimer was jointly liable with Joseph Falk upon the contract proved, and that a verdict against Bernheimer alone was rendered by the jury. If this was done against his objection the judgment should be reversed; but on a careful scrutiny of the charge we have been unable to find any statement by the judge authorizing such a verdict, or any exception bringing up the question urged. We have been referred to a paragraph in the charge which, it is claimed, supports the exception, but we do not find

in it anything which authorizes the claim that the jury were directed that they could find a separate verdict against a defendant who was shown to be jointly liable with another. The portion of the charge referred to reads as follows: "If you should find that the plaintiffs have fully established a case within the rules laid down by me, the plaintiffs are entitled to a verdict against both defendants, if both were jointly interested with Joseph Falk, within the rules laid down by me, and before the purchase of the 600 shares by Louis Sternberger. Or if only one of the defendants was so interested, then against the one who was so interested."

This does not purport to authorize a separate verdict against defendants jointly liable. The court had previously charged that "if the two defendants named (referring to Bernheimer and George Falk) were so jointly interested, it matters not how many more were interested with them. It is sufficent for you to determine that either one or both of them were so interested with Joseph Falk."

It seems to us that the fair interpretation of the whole charge is that, as between Bernheimer and George Falk, the jury might find a verdict against either or both, according to the conclusion reached by them in regard to their joint liability with Joseph Falk, and the fair implication from it was that when there was a joint liability they might find a verdict against the parties so liable, whether they consisted of all or only a part of the defendants; but if no joint liability whatever was established between Joseph Falk and any of the defendants, the verdict should be for them. The verdict as rendered was undoubtedly irregular, but it was a mere irregularity which would have been corrected upon the trial if the question had been properly raised. (*P. Bank* v. *Morton,* 67 N. Y. 199.) No request was at any time made by the defendants, or either of them, that the verdict should be rendered against Joseph Falk, and when it was taken no objection was made to its reception, or request that the jury should be sent back with proper instructions to amend it. If either of these courses had been pursued the appellant would have had a remedy for

the grievance complained of, but he seems to have studiously omitted to bring his complaint to the ears of the trial court. In fact, the proceedings upon the trial do not indicate that the point was then in the minds of any of the parties, or was regarded as of any importance. It would be quite unjust that the judgment should now be set aside upon an objection so purely technical and so insufficiently raised.

The judgment should, therefore, be affirmed.

All concur.

Judgment affirmed.