JAMES A. STONE, APPELLANT, V. MARY C. SNELL ET AL.,
APPELLEES.

FILED NOVEMBER 10, 1906.   No. 14,455.

1. **Vendor and Purchaser:** OPTION. A mere option for the purchase
   of land, indeterminate as to time and accompanied by a deed
   deposited in escrow, is terminable at any time upon reasonable
   notice by the vendor.

2. ———: LEASE. A vendee of land in the possession of a tenant
   takes the title subject to the unexpired term.

APPEAL from the district court for Greeley county:
JAMES N. PAUL, JUDGE. *Affirmed.*

*H. C. Vail,* for appellant.

*John Kavanaugh, J. R. Swain* and *T. J. Doyle, contra.*

AMES, C.

Godkin owned a farm which was incumbered by sev-
eral mortgages, and which he contracted on the 8th day
of November to sell to Stone for an agreed purchase
price, out of which the mortgages were to be paid. A
written memorandum of the contract did not specify
when the transaction was to be completed, but it seems
to have been stipulated or understood that it was not so
to be until releases could be procured and the mortgages
discharged, so as to clear the title to the land. Godkin
executed a deed and deposited in escrow with Green, to
be delivered to Stone when the transaction should be in
other respects consummated, and removed to the state of
Idaho, where he took up his residence. There were some
obstacles and delay in computing the amount of the
liens and procuring releases, so that the purchase price
was not paid nor the deed delivered until the 10th day of
the following March. In the latter part of January

Godkin became apprehensive that the sale would fall through and that he would lose the use of the land for the then ensuing season. He therefore notified Green, who held the papers in escrow, that he should lease the premises if the sale should not be perfected on or before the first of March following, and also wrote to his agent, Lanigan, that if the sale was not concluded by the first day of March the latter should rent the land for the ensuing year, and Lanigan accordingly did rent it to one Snell, and put the latter in possession of it and of the buildings. A part of the land had been sowed to fall wheat, and the tenant, as a part of the leasehold agreement, refunded to Lanigan $16, the cost of the seed wheat used in the sowing. This money Lanigan afterwards returned to Snell, saying that he preferred not to remain responsible for it, and that the latter should pay it to Godkin or to whomsoever should be shown to be entitled to it. Parrot, after the deed was delivered, undertook to dispossess Snell by putting his furniture out of the house, and by cultivating some of the land himself, and by beginning in the name of the purchaser an action in forcible detainer which was prosecuted to a final judgment in favor of the defendant. He also begun and prosecuted to an adverse conclusion a suit in equity to restrain the tenant, who had reoccupied the house, from occupying and cultivating the land, on the ground that the latter was a trespasser in so doing. Finally, this suit was brought by the purchaser, Stone, to recover in replevin the above mentioned crop of wheat and also a crop of oats sown by his agent, Parrot. The case was tried to the court without the intervention of a jury, and resulted in a general finding and a judgment in favor of the defendant, from which the plaintiff has appealed.

The foregoing facts are established without substantial conflict of the evidence, and leave in our minds no doubt of the correctness of the judgment appealed from. Unquestionably Godkin had, at the time the lease was entered into, the title and the actual or constructive pos-

session of the premises.  He had notified the purchaser, through their mutual agent, Green, that, in effect, he should regard the negotiation at an end and the agreement to sell as rescinded, unless the transaction should be consummated by the first of March.  Our attention has not been called to a copy of the memorandum in the record, but counsel do not contend that he had not a right so to do.  The conduct of the parties leads directly to the inference that what the plaintiff had was an option to purchase, which was indeterminate as to time, and from which either was entitled to withdraw upon reasonable notice at any time.  It is said that the lessee was cognizant of all the facts.  If so, he was cognizant of this fact among others.  Godkin therefore had a right to make the lease at the time he did make it, and when, afterwards, the purchaser accepted the deed he took it subject to the term.  Whether the conveyance operated as an assignment of the rent it is not now necessary to decide.  Neither is it requisite to determine what was the effect of the adjudications in the former litigations, since both terminated in favor of the present plaintiff.  If the memorandum had been of such a character as to amount to an executory contract of sale conveying an equitable title, a different question would have arisen, but, aside from the conduct of the parties, the fact that it stipulated no specific time of performance is. a circumstance strongly indicative that it was not such.  From what appears upon the face of the record, the plain inference is that the negotiation was at an end on the first day of March.  When, on the 10th of the month, it was resumed on the part of Stone by his payment of the purchase money and acceptance of the deed, the tenant was in possession, and the purchaser had at least constructive knowledge of that fact.  The rights of the tenant were not therefore affected by the transaction.  To what extent, if any, the vendor became obligated by acceptance of the purchase price and acquiescence in the delivery of his deed of warranty is a question not now presented for

decision. We are satisfied that the judgment is right, and recommend that it be affirmed.

OLDHAM and EPPERSON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the judgment of the district court be

AFFIRMED.