BENJAMIN R. KITTREDGE, Respondent, v. ARTHUR E. GRANNIS, Appellant, Impleaded with Others.

Jurisdiction — practice — action to recover against members of firm for conversion — jurisdiction of defendant not served may not be obtained by amendment of complaint on trial so as to allege an implied promise and demand judgment on contract — amendment to complaint does not have effect of causing defendant served to appear as representative of others not served.

1. Where, in an action to recover against the members of a firm for conversion, the summons and complaint were never served upon appellant, who was a non-resident of the State, but the action proceeded against another partner who had been served and thereafter judgment was entered in favor of plaintiff against both the partner served and appellant, whereupon appellant appeared specially and

moved for an order vacating and setting aside so much of the judgment as referred to him, which motion was granted, and thereafter, on appeal by the partner served, this court reversed the judgment and ordered a new trial, jurisdiction to enter judgment against the appellant may not be otained by amendment of the complaint at the new trial so as to allege an implied promise to pay and demand judgment on contract. The amendment may be proper as against the defendant served but the court has no jurisdiction over property of the other defendants named and as to them the amendment is of no effect.

2. A contention that since the statute (Civ. Pr. Act, § 1197) makes service of the summons upon one defendant notice to all the defendants named in any action wherein the complaint demands judgment for a sum of money against two or more defendants alleged to be jointly indebted upon contract, and does not specify the time when the nature of the action shall be disclosed, it must mean that the moment a joint contract is alleged to be the basis of the claim, the defendant served appears not only in his own right but as the representative of the defendants named but not served, and that as soon as the court permitted an amendment to the complaint as against the defendant served he appeared as representative of the others, cannot be sustained. Proceedings by the court without jurisdiction over the person or property of appellant obtained by some form of previous notice could not be binding upon him or his property, and could not result in giving to the court a jurisdiction it did not previously have.

*Kittredge* v. *Grannis*, 215 App. Div. 491, reversed.

(Argued October 6, 1926; decided December 31, 1926.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered February 5, 1926, which unanimously affirmed an order of Special Term denying a motion to strike the name of defendant, appellant, from a certain judgment in favor of plaintiff.

*Royal E. T. Riggs* and *Parker K. Deane* for appellant. The law of the case at bar applicable to the facts herein was settled on the previous appeal and determines that Grannis, an unserved, non-resident defendant, and the partnership of which he was a member, may not be included in the judgment. (*City of Syracuse* v. *Hogan,*

234 N. Y. 457; *Wood* v. *Dudley,* 188 App. Div. 136; *Hermes* v. *Westchester Racing Assn.,* 213 App. Div. 147; *Webber* v. *Herkimer, etc., R. R. Co.,* 109 N. Y. 311; *La Montagne* v. *Bank of New York,* 141 App. Div. 250; 205 N. Y. 621; *Peterson* v. *Alton,* 173 App. Div. 883; *Springer* v. *Duveen,* 173 App. Div. 962.) Assuming the question to be *res nova,* there is no warrant in law for entering a judgment against an unserved, non-appearing, non-resident defendant, where the facts do not show any contractual relation between the plaintiff and the defendants, but show merely that the defendants, if liable at all, are liable because of tortious conduct. (*Hall* v. *Lanning,* 91 U. S. 160; *Stedeker* v. *Bernard,* 102 N. Y. 327; *Livingston* v. *Bishop,* 1 Johns. 290; *The Beaconsfield,* 158 U. S. 303; *Oakley* v. *Aspinwall,* 4 N. Y. 513; *Columbus Trust Co.* v. *Upper Hudson E. & R. Co.,* 190 N. Y. Supp. 737; *MacDonald* v. *Mills & Co., Ltd.,* 199 App. Div. 203; *Ayers* v. *Laurence,* 59 N. Y. 192; *Burch* v. *Newbury,* 10 N. Y. 374; *Gay* v. *Seibold,* 97 N. Y. 472; *Delafield* v. *Brady,* 108 N. Y. 524.) This court, by ordering a new trial upon the appeal of the defendant Lawrence from the judgment which at the time of reversal was against him individually, did not resuscitate a possible liability upon the part of Grannis or the firm of Grannis & Lawrence, which liability, so far as this action was concerned, had been adjudicated. (*Tanzer* v. *Breen,* 131 App. Div. 654; *Schultz* v. *United States Fidelity & Guaranty Co.,* 201 N. Y. 230; *Newburgh Savings Bank* v. *Town of Woodbury,* 64 App. Div. 305; *St. John* v. *Andrews,* 192 N. Y. 382; *Taylor* v. *New York Life Ins. Co.,* 209 N. Y. 29.)

*George F. Canfield, George Gordon Battle* and *R. Randolph Hicks* for respondent. The plaintiff was not precluded from suing in contract at the second trial, since there is no inconsistency between a cause of action in tort for the value of the property converted and a cause of action

1926.]          Opinion, per LEHMAN, J.          [244 N. Y. 182]

in contract for the proceeds of the converted property. (*Cooper* v. *Cooper*, 147 Mass. 370; *Cole* v. *Reynolds*, 18 N. Y. 74; *Ross* v. *Mather*, 51 N. Y. 108.) The judgment in this action having been obtained in an action for a sum of money against two or more defendants alleged and proved to be jointly indebted falls directly within the letter and clear intent and purpose of section 1932 of the Code of Civil Procedure (Civil Practice Act, § 1197). (*Corning* v. *McCullough*, 1 N. Y. 47; *Andrews* v. *Artisans' Bank*, 26 N. Y. 298; *Harrington* v. *Bruce*, 84 N. Y. 103; *Rothschild* v. *Mack*, 115 N. Y. 1; *People* v. *Wood*, 121 N. Y. 522; *Commercial National Bank* v. *Taylor*, 64 Hun, 499; *Siefke* v. *Minden*, 40 Misc. Rep. 631; *Harbeck* v. *Pupin*, 123 N. Y. 115; *Yerkes* v. *McFadden*, 141 N. Y. 136; *Oakley* v. *Aspinwall*, 4 N. Y. 513.) The fact that the case was tried as an action in tort at the first trial, as held by the trial justice, and that a suit was brought in Massachusetts, which was discontinued because the defendant Grannis had no discoverable assets, does not constitute an election precluding the plaintiff from suing in contract at the second trial. (*France & Canada S. S. Corp.* v. *Berwind-White C. M. Co.*, 229 N. Y. 89; *Clark* v. *Kirby*, 243 N. Y. 295; *Sommer* v. *Ehrgott*, 193 App. Div. 663; *Huffman* v. *Hughlett*, 79 Tenn. [11 Lea] 549; Keener on Quasi-Contracts, 210; *Bowen* v. *Mandeville*, 95 N. Y. 237; *Edison* v. *Kalbfleisch Co.*, 117 App. Div. 842; *Metropolitan Life Ins. Co.* v. *Childs Co.*, 230 N. Y. 285; *Schenck* v. *State Line Telephone Co.*, 238 N. Y. 308.) The judgment in favor of the plaintiff at the first trial having been reversed, his rights are to be determined *de novo* just the same as if no such judgment had been rendered. (*Loeb* v. *Willis*, 100 N. Y. 231; *State* v. *Savings Union Bank & Trust Co.*, 186 Cal. 294; *Hallett* v. *Gordon*, 128 Mich. 364.)

LEHMAN, J. The defendant Arthur E. Grannis was, in April, 1908, a member of the firm of Grannis &

Lawrence, stockbrokers and members of the Stock Exchange. They received from the firm of Coster, Knapp & Company securities which the plaintiff had deposited with that firm. Grannis & Lawrence sold these securities, and plaintiff has never received the proceeds. The plaintiff claims and alleges a conversion of his securities.

The action was begun in 1914. The defendant Arthur E. Grannis was a non-resident of this State and was never served with the summons and complaint. The complaint was dismissed as against William C. Langley, upon proof that he was not a general partner in the firm of Grannis & Lawrence. The action proceeded against the defendant Lawrence, who had been served. On December 1st, 1921, the plaintiff recovered a judgment in the sum of $149,232.37. The trial judge held that under the provisions of section 1932 of the Code of Civil Procedure (now section 1197 of the Civil Practice Act) the plaintiff was entitled to take judgment against Grannis as well as Lawrence. Judgment was accordingly entered against both " as copartners trading under the firm name and style of Grannis & Lawrence." Thereafter Grannis moved specially for an order vacating and setting aside so much of the judgment as referred to him, " and amending and modifying the same by striking therefrom the name of the defendant Arthur E. Grannis and the phrase ' copartners trading under the firm name and style of Grannis & Lawrence.' " His motion was denied, but the order denying the motion was reversed by the Appellate Division. (200 App. Div. 478; affd., 234 N. Y. 501.)

Subsequently an appeal from the judgment was taken by Robert C. Lawrence and the judgment was reversed by order of this court and a new trial ordered. At the opening of the new trial the plaintiff's counsel said: " I wish to state now that the facts alleged in this action set out not only a tort, but an implied promise to pay,

and that we will rely on the implied promise and ask for judgment on contract," and that plaintiff elected to rely on an implied promise to turn over the proceeds of the sale of his securities. The pleadings did not then contain any allegation of such implied promise, but at the close of the plaintiff's case he was permitted to amend the pleadings to allege such promise. The plaintiff has again recovered a judgment, and again the judgment so recovered has been entered against both Grannis and Lawrence, "copartners trading under the firm name and style of Grannis & Lawrence." The defendant Grannis has again appeared specially and moved to strike out his name from the judgment. His motion has been denied and the Appellate Division has affirmed the order denying the motion.

Upon the original trial the complaint set forth only an action for conversion. The plaintiff did not waive the tort or allege any contract, express or implied, in fact or law, to pay to the plaintiff the proceeds of his securities, which he claimed the defendant wrongfully converted and sold. When the defendant Grannis appeared specially to object to the jurisdiction of the court to enter judgment under such circumstances against a defendant named but not served, we sustained the defendant's objection. The right to take judgment, even in form, against a defendant not served is created solely by the statute. The statute creates such right only "in an action wherein the complaint demands judgment * * * against two or more defendants alleged to be jointly indebted upon contract." We decided that the statute has no application in this action, since the complaint did not at that time allege a joint indebtedness upon contract, and the action was tried upon the theory that defendants' liability arose solely from their conversion of plaintiff's securities. Question of whether the provision would apply if the plaintiff in this action had pleaded and proven a contract implied in law upon

waiver of a tort was not before us. Here the judgment against Grannis was entered after such allegation was inserted by amendment to the complaint. Upon the present appeal two questions are before us which have not been considered or determined by the previous appeal: Are the statutory provisions intended to apply to an action where, though the complaint alleges that two or more defendants are jointly indebted upon " contract," the defendants' obligation is imposed upon them by law and their alleged promise to pay is only a fiction created to afford additional remedy for wrongful act? If so, did the court by amendment of the complaint at the trial obtain jurisdiction to enter a joint judgment though it had no such jurisdiction in this action when it was started, or even when the original judgment was reversed and a new trial ordered?

We assume that the proof is sufficient to establish a cause of action for money had and received against the copartners in the firm of Grannis & Lawrence, in accordance with the allegations of the complaint as amended at the trial. We assume further that the trial judge correctly permitted the plaintiff to amend the complaint at that time, at least as against the defendant Lawrence. Errors in rulings at the trial may be corrected only by appeal, and the defendant Grannis never became, through service of process or general appearance, a party to the action, and is not a party to the appeal taken from the judgment. He may urge want of jurisdiction in the court to enter the judgment of which he complains; he may not urge error by a court which had jurisdiction. We consider upon this appeal not the correctness of the rulings at the trial but only their effect upon the right of the plaintiff to take judgment thereafter, at least in form, against a defendant who was not served and had not appeared.

The amended complaint sets forth a cause of action in assumpsit. The plaintiff seeks to enforce, as remedy

for wrong suffered, an obligation imposed by the law. That remedy rests upon the fiction that the one who has wrongfully enriched himself by disposing of the property of another for his own benefit impliedly agrees to pay to the wronged party the proceeds of the property. Judicial and extra-judicial authorities have long recognized that the obligation is imposed by the law and is not created by contract, express or implied; though the law gives remedy by action in assumpsit based upon a fiction of implied contract. (See Keener on Quasi-Contracts, chapters I and III; Anson on Contracts, p. 543; *People ex rel. Dusenbury* v. *Speir,* 77 N. Y. 144.) " A contract is sometimes said to be implied when there is no intention to create a contract, and no agreement of the parties, but the law has imposed an obligation which is enforced as if it were an obligation arising *ex contractu.* In such a case, there is not a contract, and the obligation arises *ex lege."* (*Inhabitants of Milford* v. *Commonwealth,* 144 Mass. 64.) Question must naturally at times arise as to how far the courts will carry the fiction of an implied contract beyond the point where it lays the foundation for an action in assumpsit to afford convenient remedy for wrong suffered. Where a statute regulates causes of action based upon contract, definition of the scope of the statute should perhaps be wide enough to include the entire field where at common law remedy for a wrong might be sought by action which even in form was based on contract. In such case the distinction between obligation arising from a true contract, and obligation created by law but enforced by action based upon the fiction of an implied contract, should be drawn only where the courts find that the Legislature intended such distinction. Refinement of distinction may introduce undesirable technicality into the administration of justice not intended by the Legislature; yet the language of the statute may not be stretched beyond the legislative intent and technical meaning read into words which

were used in ordinary sense. Many cases may be cited where the word " contract " as used in statutes have been interpreted to include all obligations which at common law could become the subject-matter of an action in assumpsit or *ex contractu*. Such interpretation is dictated where the purpose of the statute was to base distinction on historic grounds, and on traditional form of action or remedy. (*Corning* v. *McCullough*, 1 N. Y. 47; *Andrews* v. *Artisans' Bank*, 26 N. Y. 298; *Rothschild* v. *Mack*, 115 N. Y. 1.) Other interpretation has been given to the language of statute or constitution where old fictions or forms of remedy could not logically be the basis for the creation of new rights or remedies. (*Louisiana* v. *Mayor of New Orleans*, 109 U. S. 285.) The Legislature here has provided more convenient and more complete remedy in actions against two or more defendants " alleged to be jointly indebted upon contract." It has withheld such remedy in other cases. The courts must find from the language of the statute, read in the light of its purpose, the meaning which the Legislature in this statute intended to give the word " contract."

At common law " a plaintiff, in an action against joint debtors, could not recover a judgment against any of them, even to reach their joint property, until they were all, if living, brought into court, or those who could not be brought into court, were outlawed. To avoid the inconvenience, delay and expense of proceeding to outlawry, an easier, more expeditious and cheaper mode of proceeding was provided by our Statute. * * * The objects of this statute were to provide a remedy for the expense and delay of the old proceeding, and to render joint property more accessible for the payment of joint debts." (*Oakley* v. *Aspinwall*, 4 N. Y. 513, 525. See, also, *Hall* v. *Lanning*, 91 U. S. 160.) We will assume without further consideration that the Legislature might have rendered joint property more accessible for the payment

of a joint obligation arising from tort as well as from contract; though liability for tort is several as well as joint. The Legislature has not done so. It has made distinction between joint indebtedness upon contract and other liability. It has limited the right of a plaintiff to take judgment against a defendant who has not been served to cases where otherwise a plaintiff might perhaps be unable to obtain judgment against any wrongdoer. Argument may be made that the distinction is based rather upon the nature of the obligation than upon the nature of the action to enforce that obligation. Here the obligation of the defendants to the plaintiff, as alleged even in the amended complaint, is not in any way created by contract; it arises from the defendants' conversion of plaintiff's property. Fiction of contract has been created to afford additional remedy, but the liability of a tort feasor is not in any other sense an "indebtedness upon contract." That liability may be enforced by several as well as joint judgment. May we read into the statute the fiction of a contract created solely to afford more convenient remedy? If we do so we make the nature of the action, rather than the nature of the obligation, the determinative factor in the right of a wronged party to obtain satisfaction out of property in which a party not served has an interest. (See "Waiver of Tort-Suit in Assumpsit," by Arthur L. Corbin, 19 Yale Law Review, 226.) If we reach opposite conclusion we may introduce into the law governing remedy refinement of distinction perhaps not intended by the Legislature and which may be difficult to apply in the future.

We state the question and the doubts that must surround its solution. Divergent views in the court may render any attempt to give authoritative answer to it in this case inexpedient if such answer is not necessary to the determination of the actual dispute between the parties, especially if the trial judge had no jurisdiction

to pass upon it. In the original complaint in this action there was no allegation that the defendants were jointly indebted upon any contract, even a fictitious contract or one implied in law. At the original trial no suggestion was made that recovery might be had upon implied contract after waiver of the tort. Upon the appeal from the order denying the motion of Grannis to strike his name from the original judgment there was conclusive adjudication that the court did not *at that time* have jurisdiction to enter a judgment against him. Subsequent reversal by this court of the judgment against the defendant Lawrence did not affect the result of that adjudication. Judgment might thereafter be entered even in form against the defendant Grannis, only if by subsequent proceedings the court acquired a jurisdiction which we held it did not originally have. The plaintiff claims that the court acquired such jurisdiction by amendment to the complaint. Even though we should assume that the amended complaint sufficiently alleges that the defendants were " jointly indebted upon contract," question would still remain whether the court could, by amendment of the complaint at the trial, acquire a jurisdiction it did not originally have.

A personal judgment may be entered against a non-resident defendant only where the defendant has been served with process or has voluntarily appeared. (*D'Arcy* v. *Ketchum,* 11 How. [U. S.] 165; *Hall* v. *Lanning, supra; Oakley* v. *Aspinwall, supra.*) In the latter case MULLETT, J., in considering the effect of a judgment in form against a defendant not served, stated: " For myself, I confess I have no inclination to stop the above course of reasoning at any point short of the conclusion, that such judgment is in *effect no* judgment against the person who was not served with process and did not appear in the suit in which it was rendered." Undoubtedly such judgment has little if any effect against a party not served; except that it " may be collected out of the personal property

1926.]                    Opinion, per LEHMAN, J.          [244 N. Y. 182]

owned by him jointly with the other defendants." (Civ. Prac. Act, sec. 1199.) Personal service of process upon Grannis was not required in order to give the court jurisdiction in proper case to enter a judgment in form against him. Nevertheless, a judgment which might be collected out of personal property owned jointly by him with others could of course not be entered unless the court in some way acquired jurisdiction over the property of the joint owners or copartners. We have held that service of process upon one copartner or joint owner is sufficient for that purpose. (*Oakley* v. *Aspinwall, supra.*) Notice to one copartner or joint owner of a claim which may be collected out of the joint property undoubtedly may be sufficient to give the court jurisdiction to adjudicate upon such claim. Courts of different jurisdictions have reached that same result, though the theory upon which the decision is rested may vary. (See Jurisdiction over Partnerships, by Magruder & Foster, 37 Harvard Law Review, 793.) Such decisions are too numerous for separate analysis, but it may be said without possibility of contradiction that every case decides or assumes that the jurisdiction to enter a judgment, which may be collected out of property in which a party not served has an interest, is acquired only where some notice of claim to such judgment has been given to the party interested, either directly or indirectly, or to some other person who may reasonably be expected to represent his interest. Here the court had jurisdiction of the person of defendant Lawrence. In an action " wherein the complaint demands judgment for a sum of money against two or more defendants alleged to be jointly indebted upon contract," service of the summons upon Lawrence would have constituted notice which would have required him to defend the interest of all the defendants named in their joint property. Upon the earlier appeal we held that this action was not one in which a judgment which could be collected from joint property might be

13

# 194　　KITTREDGE v. GRANNIS.

entered. In view of the allegations of the original complaint the defendant Lawrence appeared at the trial only as an individual in defense of his own interests; the court could not give judgment which would affect the interests in joint property of other defendants not served. Such defendants were not called upon to defend, and the defendant Lawrence could not represent them, for without their appearance no judgment could be entered in their favor or against them. It is only in an action where a judgment may be entered which would affect the interests of defendants not served in joint property that the court can acquire jurisdiction over such property by notice to one owner. Summons served upon one copartner or joint owner in other actions, even though all the copartners or joint owners are named as party defendants, can hardly be notice that the party served is called upon to defend the interest of all when no judgment may be entered which could affect joint interests; when the party served could not be heard in defense of parties not served, and when he could not in any way bind them. The effect of our earlier decision is that in this action the parties not served were not before the court and the court had acquired no jurisdiction over their property. Otherwise the defendant Grannis could not have been permitted to correct the judgment entered, by motion instead of appeal. The same condition continued until amendment. That amendment may have been proper as against the defendant Lawrence, for the court had jurisdiction of his person. The court had no jurisdiction in that action at that time over the property of the other defendants named in the summons and complaint and as to them the amendment was of no effect.

It is argued that since the statute makes service of the summons upon one defendant notice to all the defendants named in any action wherein the complaint demands judgment for a sum of money against two or more defendants *alleged* to be jointly indebted upon contract, and

does not specify the time when the nature of the action shall be disclosed, it must mean that the moment a joint contract is alleged to be the basis of the claim, the defendant served appears not only in his own right but as the representative of the defendants named but not served, and that as soon as the court permitted an amendment to the complaint as against Lawrence he appeared as representative of the others. We do not think that the statute may be given such effect. To do so we would be compelled to hold that though we had decided upon the previous appeal that in this action the court has no jurisdiction of the person of Grannis or of his interest in joint property, it could acquire such jurisdiction by proceedings of which he had no notice, actual or constructive. It may be that disclosure of the nature of the action may be postponed where the summons is served without a complaint. Perhaps even service of an amended complaint where the plaintiff has the right to serve an amended complaint without leave of the court given after notice to a defendant served, might have the same effect as if the amended complaint had been originally served. In such cases the statute gives the right to postpone disclosure of the nature of the action till complaint is served, or perhaps even to amend it when disclosed. We do not pass upon such situation. Here the original complaint did disclose the nature of the action. That could not be amended without leave of the court, given after notice and opportunity to oppose. No such notice was given to the defendant Grannis or to any person who could represent his interests in the action as then brought, since Lawrence was present at the trial only in defense of his own interests without any notice that he was expected to, or indeed might, represent the interests of Grannis. We hold only that proceedings by the court without jurisdiction over the person or property of Grannis obtained by some form of previous notice could not be binding upon him or his property,

and could not result in giving to the court a jurisdiction it did not previously have.

For these reasons the order of the Appellate Division should be reversed, with costs in all courts, and the motion to strike out the name of the defendant Grannis should be granted, with ten dollars costs.

HISCOCK, Ch. J., McLAUGHLIN and CRANE, JJ., concur; CARDOZO, POUND and ANDREWS, JJ., dissent.

Ordered accordingly.