Ola H. Myers, Appellant, v. Bertha O. Blinks et al., Executors, Appellees.

No. 46177.

February 16, 1943.

Geo. C. Claassen, of Cedar Rapids, for appellant.

Barnes, Chamberlain, Hanzlik & Wadsworth, Don Barnes, and Welcom Reams, all of Cedar Rapids, for appellees.

MULRONEY, J.—Plaintiff brought an action in equity against the executors of the estate of Roscoe Blinks alleging that he had developed a wireless corn planter upon which he had applied for a patent; that certain oral contracts were entered into between himself and Blinks which resulted in the creation of a partnership between them; that Blinks agreed to pay $5,000 for a half interest in the patent and model and that they mutually agreed to attempt to make a contract with some manufacturer who would manufacture and market the machine, or form a corporation for manufacturing and marketing the machine, but that before any such contract was consummated or any such corporation formed Blinks died. Plaintiff prayed that, as surviving partner, he be placed in possession of the partnership property and granted authority to wind up affairs of the partnership and for judgment against the executors for $5,000.

The defendants denied the allegations of the petition; denied the existence of the partnership relation; denied the agreement or contract for the sale of the one-half interest in the model and patent, and alleged that such a contract would be within the statute of frauds, and affirmatively pleaded that Blinks owned a one-half interest in the patents and corn planter for certain advances alleged to have been made for the development of the model planter, and asked for judgment against the plaintiff for moneys advanced, including an alleged $300 promissory note.

Plaintiff's action is grounded upon the alleged oral partnership agreement. Until the partnership be found, in plaintiff's favor, there is no occasion for us to consider what the duties

1240

would be had such a relationship existed. Plaintiff's version of the two agreements, as disclosed by his petition, is as follows:

He states in his petition that Blinks, in November of 1937, agreed to advance expense money to him to be used to patent and develop a corn planter. As soon as it was developed "to the point where it could be demonstrated to show that said planter could be built so that it would drop the corn so as to produce reasonably straight-cross rows, that he would pay this plaintiff the additional sum of Five Thousand & No/100 ($5,000) Dollars in cash for a one-half interest in said patent and the model machine so to be built."

The alleged agreement of June 19, 1940, as stated in plaintiff's petition, seems to be little more than a statement of future plans to be carried out after Blinks secured the one-half interest in the patent. Plaintiff avers that, "it was further agreed * * * that they would attempt to make a contract with some manufacturer on a part-cash and part royalty basis for the purpose of manufacturing and marketing said machine, and that if said arrangements could not be perfected or accomplished, then, and in that event, it was proposed and agreed that a corporation be developed to which said Roscoe B. Blinks agreed to contribute some capital for the purpose of manufacturing and marketing said machine, but that before any such contract was consummated, and before any such organization was organized, the said Roscoe B. Blinks died on or about the 27 day of June, 1940."

Such a contract as the one of November 1937, could only be construed as an option, or at the most a contract, to purchase a one-half interest in a patent and model upon the happening of a contingency. If these two agreements were all that existed between the parties, we fail to see how a partnership could possibly result, even if the agreements were conclusively established by competent testimony.

We said in Taylor v. Successful Farming Pub. Co., 197 Iowa 618, at page 623, 196 N. W. 77, at page 79:

"As between the parties, partnership is a matter of contract; and we have frequently announced the familiar rule that, to constitute a partnership, there must be a participation in both the profits and losses of a joint business undertaking. Winter v.

Pipher & Co., 96 Iowa 17; Loetscher v. Dillon, 119 Iowa 202; Haswell v. Standring, 152 Iowa 291; Miller v. Baker, 161 Iowa 136; Miles v. Miles, 168 Iowa 153; Malvern Nat. Bank v. Halliday, 195 Iowa 734.''

A partnership is usually a contract where two or more persons place their money, labor, and skill in some business to be carried on by the partnership, with an agreement to divide the profits and share the losses. McCarney v. Lightner, 188 Iowa 1271, 175 N. W. 751, and cases cited therein. Persons may be the joint owners of personal property without creating a partnership. Iliff v. Brazill, 27 Iowa 131, 99 Am. Dec. 645.

█ Without, at this point, making further comment upon the agreements as disclosed by the pleadings, we pass to the testimony which plaintiff contends was sufficient to establish the partnership and the liability of the estate of Roscoe B. Blinks for $5,000. The testimony showed that after November of 1937 the plaintiff went to work constructing the model and he secured a patent on the machine in November of 1938. The model was taken to one of Blinks' farms and there demonstrated on several plots of ground. The evidence showed that Blinks advanced $1,800 to Myers as expenses in connection with the completion of the patent, construction of the model, and demonstrating expense. For the first $300 advanced to the plaintiff by Blinks, the plaintiff executed his promissory note.

There was evidence that in demonstrations the machine dropped the corn so as to render the corn plowable crosswise. Plaintiff's witnesses testified that the corn would not be more than four to ten inches out of line but that corn planted by the machine was successfully cross-plowed. The evidence showed that an attempt had been made to interest various manufacturers of farm machinery in the machine, without success.

Myers, the alleged surviving partner was an incompetent witness as to transactions with the deceased. Section 11257, Code of Iowa, 1939. Plaintiff's evidence concerning the contract of partnership and sale of the one-half interest for $5,000 consisted of the testimony of his brother, his brother-in-law, and two sons, and several other witnesses who related statements made by the decedent in which he stated that he was well

pleased with the operation of the machine. These witnesses also related that on various occasions they heard Blinks say:

"* * * if they made a success of the planter he was going to buy a half interest in it, and the profits would be divided half and half. * * * 'Well, Ola', he says, 'it looks to me like I was going to have to pay you that five grand.' * * * Well, Mr. Blinks said that he would have to get this $5,000 looked up for his part in it, in the planter. * * * There was a conversation between my father and Mr. Blinks at that same time that Mr. Blinks said that the planter is doing fine now, and it is doing what I expected it to do, 'and I want to take out this half interest for $5,000 just as soon as I can get the proper funds.' "

The plaintiff's brother testified about a conversation between plaintiff and Blinks:

"He asked my brother then about what arrangements they were going to make as to their partnership agreement. * * * My brother told him the arrangement they had worked on in the past or had in the past was perfectly satisfactory with him, and Mr. Blinks advised him, or told us rather, that he was shipping cattle, and that he would take care of his end of the deal at that time. He says 'you know I have been pretty hard up after the building and stuff here, and $5,000 has presssed me quite a little, and I will be able to pay that amount of money to you as my partnership about the second of July.' " (1940.)

One other witness introduced by plaintiff testified that Blinks had stated he was financing the building of the machine for a half interest in it. These statements, accredited to Blinks, ranged in time from the summer of 1938 to June 19, 1940.

The trial court held that this evidence "falls short of clearly and convincingly establishing any contract," and we think it was correct. All of this evidence is just as consistent with a theory that the contract of November 1937 was an option contract whereby Blinks was to furnish expense money for a *right* to buy a one-half interest in the model and patent. According to the witnesses, he seemed to be just as enthusiastic over the machine in 1938 as he was in 1940. There seemed to be no specific

time for performance, which strongly supports the option interpretation. Stone v. Snell, 77 Neb. 441, 109 N. W. 750.

Plaintiff had the burden of proving the partnership contract and the contract that would give rise to the $5,000 liability. Plaintiff must establish these contracts by clear, satisfactory, and convincing evidence. The court must be able to ascertain from the evidence the terms of the very agreement entered into, as a matter of fact, and the effect of such agreement, as a matter of law, in order to determine whether it constitutes a partnership. McCarney v. Lightner, 188 Iowa 1271, 175 N. W. 751. This court has held that the proof of an oral contract made with a deceased person must be "so cogent, clear and forcible as to leave no reasonable doubt in the mind of the chancellor as to its terms and character." Sharpe v. Wilson, 181 Iowa 753, 756, 161 N. W. 35, 36.

The evidence here is wholly insufficient to meet this rule. It neither establishes any partnership contract nor any contract for the purchase of the one-half interest in the patent and model.

II. Because we have reached the conclusion that there was no partnership agreement or contract for the purchase of the one-half interest in the model and patent established by competent evidence in this case, there is no occasion for us to determine whether, if there had been a contract for the sale of a half interest in the model and patent, the same would be within the statute of frauds, section 9933, Code of Iowa, 1939.

III. In the trial below the court awarded judgment in favor of the defendants and against the plaintiff for $300 with interest at five per cent from November 1, 1937, upon the promissory note given by plaintiff to Blinks. Plaintiff contended the evidence showed that Blinks agreed that this note should not be paid.

Counsel for appellee, in his written brief and argument, and again upon oral argument at the time this case was submitted in this court, offered to cancel this judgment. In view of counsel's statement and offer, we see no necessity of reviewing the testimony surrounding the note transaction.

The decree of the trial court is modified to the extent that no judgment is rendered against the plaintiff upon the promis-

sory note for $300, and in all other respects is affirmed. Appellees' motion to dismiss the appeal is overruled.—Modified and affirmed.

All JUSTICES concur.