Andrew L. FREEMAN, Plaintiff and Respondent,

v.

H. E. SMITH, Jr., Defendant and Appellant,

and

W. S. Kincade, and Five Star Manufacturing Company, a corporation, Defendants.

No. 7595.

Supreme Court of North Dakota.

June 13, 1957.

Johnson & Hoghaug, Lakota, for plaintiff and respondent.

Harold D. Shaft and Philip R. Bangs, Grand Forks, attorneys for defendant and appellant, H. E. Smith, Jr.

EUGENE A. BURDICK, District Judge.

This is a civil action on a contract brought by the plaintiff, Andrew L. Freeman, to recover a judgment for the balance due upon the sale of certain patent rights for the manufacture of the Freeman Head Bolt Heater under a patent license agreement executed by the plaintiff as licensor and defendants H. E. Smith, Jr., and W. S. Kincade as licensees. Pursuant to this agreement, the defendants became jointly obligated to the plaintiff to pay certain royalties computed upon all sales of this device. While defendants Smith and Kincade launched a common enterprise, there is nothing in the record to indicate that they became general partners. In furtherance of the agreement, it appears that the defendants acquired, as tenants in common, certain lots or tracts of real estate situated in the City of Grand Forks, in Grand Forks County. The defendants, without having actually entered upon the business of manufacturing and selling head bolt heaters under the patent license agreement, assigned their interest in the agreement to defendant Five Star Manufacturing Co., a Minnesota corporation, having authority to do business in the State of North Dakota. The real property, however, appears to have been leased by defendants Smith and Kincade to the corporation for the warehousing of parts and equipment used in connection with the manufacture and sale of head bolt heaters under the assignment of the patent license agreement. All of the defendants defaulted in the payment of royalties under the agreement and thereupon this action was instituted.

The summons and complaint in this action were issued and filed in the office of the clerk of the district court of Grand Forks County on April 14, 1954. At that time defendant Smith was a resident of Miami, Florida, and defendant Kincade was a resident of Clarksdale, Mississippi. Plaintiff proceeded to obtain substituted service of process by publication. When filed, the summons and complaint were accompanied by an affidavit for publication, an affidavit for attachment, and an undertaking for attachment. Thereupon, the clerk of the district court issued a warrant of attachment to the sheriff and the sheriff levied the attachment upon the above mentioned real estate by issuing and filing for record a notice of attachment in the office of the Register of Deeds of Grand Forks County. The sheriff also levied upon a large quantity of rubber electric appliance cords owned by the defendant corporation and situated in the warehouse leased from defendants Smith and Kincade. No challenge is made as to the grounds for attachment or as to the sufficiency of any of these instruments. Thereafter and within 60 days after the filing of the affidavit for publication, as required by Sec. 28–0625, NDRC 1943, the summons and complaint, the affidavit for publication, the affidavit for attachment, the undertaking for attachment, the warrant of attachment and the notice of attachment, in lieu of publication and mailing of the summons, were duly served personally upon one F. R. Clark, an authorized officer for service of process upon defendant Five Star Manufacturing Co., in the State of North Dakota, and upon defendant Kincade in the State of Mississippi. Similar service was attempted on defendant Smith in the State of Florida but the process server made a "dwelling house service" by delivering the several papers

to and leaving them with the wife of defendant Smith. Smith himself was not served personally in this action.

None of the defendants answered the complaint or made a general appearance in this action. Upon a proper showing of the failure of the defendants so to appear or answer, the district court, on July 28, 1954, made findings of fact, conclusions of law and ordered the entry of judgment for the plaintiff and against all of the defendants. The judgment was rendered separately against defendant Fire Star Manufacturing Co., a corporation, for the sum of $44,332.85 and against defendants Smith and Kincade for the sum of $18,661.-46 and directed an execution sale of the attached real estate to satisfy the judgment. Defendant Five Star Manufacturing Co. forthwith paid the judgment liability entered against it and procured from the plaintiff a partial satisfaction of the judgment.

On May 18, 1954, subsequent to the filing and recording of the notice of attachment but prior to the entry of the judgment, defendant Smith executed and delivered to one Leora G. Smith a warranty deed covering his undivided one-half interest in the real estate which he and defendant Kincade owned in common.

Following the entry of the judgment, defendant Smith noticed a motion for an order setting aside the service of the summons and vacating the judgment as to him and vacating the attachment of his undivided interest in the real estate. For this purpose the defendant appeared specially and upon the hearing of this motion, the court, deeming the defective dwelling house service to be controlling under the decision of First Nat. Bank of Casselton v. Holmes, 12 N.D. 38, 94 N.W. 764, made an order dated December 20, 1954, setting aside the service of the summons upon defendant Smith and vacating the attachment proceedings with respect to his undivided one-half interest in the real estate and vacating the judgment entered against him.

This order was filed in the office of the clerk of the district court on December 22, 1954. The record does not show that any written notice of the entry of this order was ever served upon the plaintiff or his attorney.

On April 1, 1955, counsel for plaintiff served upon counsel for defendant Smith, a notice of motion for a rehearing on the order made by the court on December 20, 1954, and to vacate said order and reinstate the judgment and the attachment proceedings, Again counsel for defendant Smith appeared specially to object to the jurisdiction of the court to vacate or modify this order. After considering extensive briefs by counsel, the court, deeming its initial order to be erroneous, made an order dated November 5, 1955, vacating its previous order and reinstating the judgment and the attachment proceedings ab initio. Notice of entry of this order was served November 28, 1955. Defendant Smith perfected the instant appeal from the subsequent order of the district court.

Defendant Smith contends (1) That the district court erred in granting plaintiff's motion to reinstate the judgment and attachment proceedings; (2) that the district court erred in holding that the real property was "joint property"; (3) that the district court erred in sustaining the attachment of the real property; and, (4) that the district court was acting in excess of its jurisdiction when it granted the motion to reinstate the judgment and attachment proceedings.

The foregoing contentions of counsel suggests the following pertinent queries: (1) Did the district court acquire jurisdiction in rem over the property interest of defendant Smith; (2) did the district court have power to correct its erroneous order; and, (3) was timely application made to the district court to correct its erroneous order.

Sec. 32–3001, NDRC 1943, reads as follows:

"Joint and Several Debtors; Procedure When Summons Not Served on All. When the action is against two or more defendants the plaintiff many proceed as follows:

"1. If the action is against defendants jointly indebted upon contract and the summons is served on one or more, he may proceed against the defendant served, unless the court otherwise directs, and if he recovers judgment it may be entered against all the defendants thus jointly indebted to the extent only that it may be enforced against the joint property of all and the separate property of the defendants served, and, if they are subject to arrest, against the persons of the defendants served; or

"2. If the action is against defendants severally liable and one or more shall be served, he may proceed against the defendants served in the same manner as if they were the only defendants; or

"3. Where all the defendants have been served, judgment may be taken against any of them severally, when the plaintiff would be entitled to judgment against any one or more of such defendants if the action had been against such defendants or any of them alone; or

"4. If the name of one or more partners for any cause shall have been omitted in any action in which judgment shall have been entered against the defendants named in the summons, and such omission shall not have been pleaded in such action, the plaintiff, in case the judgment therein shall remain unsatisfied, may recover by action of such partner separately upon proving his joint liability, notwithstanding he may not have been named in the original action, but the plaintiff shall have satisfaction of only one judgment rendered for the same cause of action."

The validity of this statute is not challenged. It has been applied by this court in several cases. See Continental Supply Co. v. Syndicate Trust Company, 52 N.D. 209, 202 N.W. 404 and Goldstein v. Peter Fox Sons Co., 22 N.D. 636, 135 N.W. 180, 40 L.R.A.,N.S., 566. Those were cases where the defendants were joint debtors by reason of joint liability arising from partnership dealings.

The term "joint debtors" as used in the above quoted statute is a generic term and includes all persons having joint liability and is not limited to partners. In the case at bar, it is clear that defendants Smith and Kincade were joint debtors. Defendant Smith contends, however, that the property attached was not "joint property".

While the term "joint property" as used in the joint debtor act includes property of a partnership, there is nothing in the nature of this nomenclature which requires the construction that it be limited to partnership property. Some recognized definitions may be helpful. Black's Law Dictionary, Fourth Edition, defines "joint" as follows: "Joint. United; combined; undivided; done by or against two or more unitedly; shared by or between two or more. Coupled together in interest or liability. The term is used to express a common property interest enjoyed or a common liability incurred by two or more persons." Webster's New International Dictionary, Second Edition, defines "joint" as follows: "United, joined, or sharing with another or with others; not solitary in interest or action; holding in common with an associate, or with associates; acting together; as, *joint* heir; *joint* creditor; *joint* debtor, etc." The distinction between joint property and partnership property is recognized in Iliff v. Brazill, 27 Iowa 131, 99 Am.Dec. 645; Myers v. Blinks, 232 Iowa 1238, 7 N.W.2d 819; Hall v. Lanning, 91 U.S. 160, 23 L. Ed. 271; and Kittredge v. Grannis, 244 N.Y. 182, 155 N.E. 93.

In the case at bar the real property attached was owned by the joint debtors as tenants in common. It was used to carry on the business of the undertaking out of which the joint liability was created. The joint debtors acted in concert in the acquisition of the property and in deploying it for the purposes of the patent license agreement. Without endeavoring to limit the ultimate scope of the term, we hold that the term "joint property" as used in Sec. 32–3001, NDRC 1943, includes property owned and shared in undivided interests by joint debtors as tenants in common where the property is devoted to the furtherance of the adventure out of which the joint liability arose. The real property attached was "joint property" within the meaning of the statute.

Defendant Smith further contends that in all events the attachment of his interest in the property is void by reason of the failure of the plaintiff to acquire jurisdiction over the property by a service of the summons upon him within 60 days after the filing of the affidavit for publication. This contention is without merit. Pursuant to the "joint debtor" statute, valid personal service of process upon one joint debtor defendant is sufficient to support a judgment in personam against both joint debtors in an action upon a joint contractual liability. Goldstein v. Peter Fox Sons Co., cited supra.

The only additional feature presented by the case at bar is the fact that both of the joint debtor defendants are non-residents of the state. Where service of process is made upon a non-resident defendant by substituted service in an action upon a contractual liability, the court acquires provisional jurisdiction in personam over such defendant. Jurisdiction in personam is conferred provided only that the defendant elects to appear generally and defend the action, in which case the court may thereafter direct the entry of a valid judgment in personam. On the other hand, if a defendant served by substituted service elects to default in appearance or answer, the court is powerless to direct the entry of a valid judgment in personam. In the latter situation, the court, in order to direct the entry of a valid judgment, must have direct control over property belonging to the defendant and against which the judgment may ultimately be enforced. An attachment of the property of the non-resident debtor situated within the state operates to secure the contractual liability and the action becomes, after the levy, an action in rem to enforce the lien of the attachment to the extent necessary to satisfy the liability in personam. Hartzell v. Vigen, 6 N.D. 117, 69 N.W. 203, 35 L.R.A. 451.

Service of process by substituted service upon a defaulting non-resident defendant in an action upon a contractual liability, unaided by an attachment or other lawful distraint of the property of the defendant situated within the state, and except where jurisdiction is conferred by his consent, express or implied, cannot support a valid judgment in personam. Pennoyer v. Neff, 95 U.S. 714, 24 L.Ed. 565, Hartzell v. Vigen, cited supra. See also, Ireland v. Adair, 12 N.D. 29, 94 N.W. 766, 102 Am. St.Rep. 561; Atwood v. Tucker, 26 N.D. 622, 145 N.W. 587, 51 L.R.A.,N.S., 597; and, Darling and Co. v. Burchard, 69 N.D. 212, 284 N.W. 856.

In the case at bar, the court acquired provisional jurisdiction in personam over both non-resident joint debtors by virtue of the substituted service of the summons upon defendant Kincade. The attachment of the joint property subjected it to the control of the court so that a judgment in rem could be directed against it to enforce payment of the joint liability in personam.

This identical problem was considered by the court of appeals of New York in Yerkes v. McFadden, 141 N.Y. 136, 36 N.E. 7, 8, cited in 7 C.J.S. Attachment § 90, note 14. We quote approvingly from the New York case as follows:

"But we think the general term erred in vacating the attachment as to the two appellants in that court, although publication was not commenced against them within the prescribed period. The action was upon a joint liability of the three defendants. Personal service was made on the third defendant August 26, 1892, 13 days after the warrant of attachment was granted, and the attachment was levied on the joint property of the firm. In an action against joint debtors, service of summons on one authorizes judgment against all, which may be enforced by execution against the joint property, although the other defendants are not served, and do not appear in the action. Code, §§ 1932–1935, inclusive; Sternberger v. Bernheimer, 121 N.Y. 194, 24 N.E. 311. The same rule applies in case of an attachment. Where an attachment issues against the property of several defendants in an action on a joint liability, it may be executed by a seizure of the joint property, and although the summons is served on but one of the defendants within the time prescribed, and no service is made or publication commenced against the other defendants, the attachment cannot be vacated as to them for that reason. The attachment and the lien continues, and if the plaintiff obtains judgment on the joint liability the joint property seized on the attachment may be sold on the execution. The right to seize the joint property on an attachment in an action against joint debtors, although the summons is served on one only, is the same as in case of an execution on a joint judgment under similar circumstances. Smith v. Orser, 42 N.Y. 132."

The commentary of the Restatement of the Law, Judgments, Sec. 25 is of interest. It reads as follows:

"By statutes in many States, usually called Joint Debtors' Acts, it is provided that where several persons are jointly liable on an obligation and some of them cannot be subjected to the jurisdiction of the court, judgment may be rendered against those who are subject to the jurisdiction of the court to be satisfied out of their property and also out of any property within the jurisdiction owned jointly by all the joint debtors. Under these statutes a valid personal judgment may be rendered against the defendants who are personally subject to the jurisdiction of the court, and a valid judgment may be rendered enforceable against the joint property of the defendants within the State, although the property was not attached prior to the rendition of the judgment and even though it had not then been acquired by the defendants."

"A judgment purporting to bind the individual property of joint obligors who are not subject to the jurisdiction of the court where the property is not attached is to that extent void. The rendition of such a judgment by a court of a State is in violation of the Fourteenth Amendment to the Constitution of the United States."

 Defendant Smith contends the district court was without jurisdiction to correct the order it made on December 20, 1954. This contention cannot be sustained. It has long been established in this jurisdiction that a party aggrieved by an appealable order of the district court has alternative remedies during the time in which an appeal may be taken. He may move the district court to vacate or modify the order or he may appeal. Clopton v. Clopton, 10 N.D. 569, 88 N.W. 562, 88 Am. St.Rep. 749; Plano Mfg. Co. v. Doyle, 17 N.D. 386, 116 N.W. 529, 17 L.R.A.,N.S., 606; Strehlow v. Fee, 36 N.D. 59, 161 N.W. 719; Kluver v. Middlewest Grain Co., 44 N.D. 210, 173 N.W. 468.

The order of the district court dated December 20, 1954, setting aside the service

of the summons and vacating the judgment and the attachment proceedings, was an order affecting a substantial right made in the action as it in effect determined the action and prevented a judgment from which an appeal might be taken. Such an order was appealable. Sec. 28–2702, NDRC 1943.

 Counsel for defendant implies in his contentions that the appeal from this order was not timely taken. The time within which an appeal may be taken from an appealable order does not commence to run until written notice of the same shall have been given to the appealing party. Sec. 28–2704, NDRC 1943. In the case at bar, written notice of the entry of the order dated December 20, 1954, not having been served upon the plaintiff or his attorney, the time for appeal from it had not even commenced to run when the plaintiff moved the district court for an order to vacate it and to reinstate the judgment and

attachment proceedings. Dietz v. Dietz, N.D., 65 N.W.2d 470.

Leora G. Smith, the grantee in the warranty deed from defendant H. E. Smith, Jr., pretends to join with defendant Smith in this appeal. She was not a party to the original action and has neither been interpleaded nor has she sought or obtained leave to intervene. Accordingly, this action is not adversary as between the plaintiff and said Leora G. Smith.

The order of the district court dated November 5, 1955, reinstating the judgment and the attachment proceedings in this action is affirmed.

JOHNSON, J., deeming himself disqualified did not participate.

EUGENE A. BURDICK, District Judge, sitting in his stead.

GRIMSON, C. J., and BURKE, MORRIS and SATHRE, JJ., concur.